Norris OLSON. et ux., Appellants,

v.

A. S. PASSERO, Ind. & d/b/a, etc., et al.,
Appellees.

No. 5762.

Court of Civil Appeals of Texas.

El Paso.

May 4, 1966.

Rehearing Denied May 25, 1966.

Irion & Rash, El Paso, for appellants.

Hardie, Grambling, Sims & Galatzan, John A. Grambling, William T. Deffebach, Owen & Steinberger, El Paso, for appellees.

PRESLAR, Justice.

This is a suit for damages for the cost of restoring a rock fence or retaining wall at the premises owned by appellants and built by appellees. Appellants, Norris Olson and wife, Bernice Olson, sued appellees, A. S. Passero, individually and d/b/a A. S. Passero General Contractor, and W. Gerald, Inc. and its successors in interest, Passero Construction, Inc., for damages in the amount of $3,125.00, basing their suit on negligence in the construction of the wall, a portion of which fell down. Trial was before a jury, but at the conclusion of the plaintiffs' evidence in chief, the trial court instructed a verdict for the defendants. We affirm the judgment of the trial court.

The defendants' motion for instructed verdict contained several counts and the judgment does not reflect which was the basis of the trial court's decision, but we are of the opinion that the judgment should be sustained on the basis of the defendants' plea of the two-year statute of limitations.

Plaintiffs' cause of action against the defendants is for certain negligent acts and omissions of the defendants. Negligence alone is the foundation of the cause of action. No contractual relation or warranty

is relied on. The negligent acts and omissions pleaded and the evidence adduced in support thereof are in regard to the construction of the wall. It is undisputed that the construction was completed more than two years prior to suit. It is not contended that there was a duty to maintain, nor any violation of any such duty during the two years prior to suit. Under this state of the record, we believe that this is an action which comes within Article 5526, Vernon's Annotated Texas Civil Statutes, and that plaintiffs' claim is barred by the Texas two-year statute of limitations.

■■■ The rock wall surrounds a portion of the dwelling purchased by plaintiffs on January 28, 1961. It was constructed by the defendants, who sold it to one Giallanza and wife, on November 30, 1960, and they in turn sold to plaintiffs. The Giallanzas are not parties to the suit, and plaintiffs in their brief say that their dealings were with defendants, and the sale to the Giallanzas was all a part of the transaction and was done to establish financing, since plaintiff was too old for long-term financing. The method of purchase is unimportant, for the suit was not brought on a contractual relationship of the parties. Plaintiffs do allege that prior to their purchase they inspected the premises with the defendant, A. S. Passero, and specifically inquired about the wall and were assured by him that it was in good condition and would not fall down. Plaintiffs testified that at that time the wall had a large crack running diagonally across it, large enough for a man's finger to be stuck in it; that they were suspicious of it and were afraid it was about to fall down. That inspection was made in November, 1960, prior to purchase in January of 1961. Suit was commenced June 21, 1963. Plaintiffs seek to avoid the statute of limitations on the grounds that the defects were not discoverable; that inferior mortar was used in the construction of the wall, and that such was a hidden defect of which he was not aware at the time of purchase, and which defect was not discoverable by him until the wall

fell down in September, 1962. It is plaintiffs' contention that a fact question was created as to when they knew of the defect, and that determined when the statute of limitations began to run. We believe the law applicable here to be that the statute of limitations began to run when the negligent acts were committed and not when they were discovered. As stated earlier in this opinion, plaintiffs alleged no acts of negligence occurring during the two years immediately prior to suit. The only negligence complained of was more than two years prior to suit, and no exception to the limitations statute was pleaded. Thus, by the case pleaded and the evidence adduced in support thereof, no act of negligence on which recovery could be predicated occurred during the two years next preceding the commencement of suit.

The case most nearly like the one before us which we have been able to discover is Reconstruction Finance Corp. v. Foster Wheeler Corp. (D.C.1947), 70 F.Supp. 420. There, the plaintiff's claim was based on the negligent manner of construction of a cooling tower by the defendant. The defendant had nothing to do with the tower after its construction, and it was alleged that the plans or designs, the material used, and the workmanship were faulty, and that within two or three weeks after it was so put in operation and within two months after it was completed, it failed completely to function. In holding that the plaintiff's cause of action accrued on completion of the tower, and was barred by the Texas two-year statute of limitations, the court cited the leading Texas case of Houston Water Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36, and the many cases following it. Also relied on, and applicable to the case at bar, was Carrell, et al. v. Denton, 138 Tex. 145, 157 S.W.2d 878, where a physician was operating upon a patient and left a piece of gauze in his body, and the suit for damages for the tort was not brought within the two-year period, and it was held that limitations commenced to run from the date of the negligent act and not from the

date of discovery or the time of ascertainment of damages. Fraudulent concealment of a defect was recognized in Carrell v. Denton as taking the case out of the limitations statute; but that is not the case before us, where plaintiffs rely on a hidden defect.

Since the judgment of the trial court is upheld on the foregoing basis, we deem it unnecessary to discuss the other points involved, and all points of error are overruled.

The judgment of the trial court is affirmed.