**TRINITY RIVER AUTHORITY,**
Petitioner,

v.

**URS CONSULTANTS, INC.—TEXAS**
**F/K/A URS/Forrest and Cotton,**
**Inc., Respondent.**

No. D–4376.

Supreme Court of Texas.

Argued Feb. 16, 1994.

Decided April 28, 1994.

Rehearing Overruled June 22, 1994.

Kenneth J. Lambert, Craig A. Eggleston, Dallas, for petitioner.

William Charles Bundren, Dallas, for respondent.

PHILLIPS, Chief Justice, delivered the opinion of the Court, joined by GONZALEZ, HIGHTOWER, HECHT, CORNYN, GAMMAGE, ENOCH and SPECTOR, Justices.

Texas Civil Practice and Remedies Code section 16.008 bars suits against architects or engineers for defective design of an improvement to real property unless brought within ten years after the improvement is completed, regardless of when the defect is discovered. The issue presented is whether this statute of repose violates either the Texas or United States Constitution. We hold that, as applied in this case, it does not, and therefore we affirm the judgment of the court of appeals. 869 S.W.2d 367.

## I

In May 1972, respondent URS Consultants, Inc.[1] ("URS") contracted with petitioner Trinity River Authority ("Trinity") to design improvements to a sewage treatment plant operated by Trinity. An equalizer basin wall designed by URS was completed and put into service at the plant in 1976. On March 11, 1990, the basin wall collapsed, spilling a large amount of raw sewage and causing extensive property damage to the plant and surrounding area. Contending

---

1. Respondent was formerly known as URS/Forrest and Cotton, Inc.

that the basin wall was negligently designed, Trinity brought suit for damages against URS on March 6, 1992.

URS subsequently moved for summary judgment on the basis of Texas Civil Practice and Remedies Code section 16.008, which bars such suits against architects or engineers brought more than ten years after the improvement is completed. The motion for summary judgment was based solely on Trinity's pleadings, which indicated on their face that more than ten years had elapsed since completion of the basin wall. The trial court rendered summary judgment for URS, and the court of appeals affirmed.

## II

■ Texas Civil Practice and Remedies Code section 16.008 provides in pertinent part as follows:

> (a) A person must bring suit for [personal injury or property damage] against a registered or licensed architect or engineer in this state, who designs, plans, or inspects the construction of an improvement to real property or equipment attached to real property, not later than 10 years after the substantial completion of the improvement or the beginning of operation of the equipment in an action arising out of a defective or unsafe condition of the real property, the improvement, or the equipment.[2]

This statute, which bars claims against an architect or engineer after ten years even if the alleged design defect was undiscoverable before that time, is commonly referred to as a "statute of repose." *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 654 n. 1 (Tex. 1989). Unlike traditional limitations provisions, which begin running upon accrual of a cause of action, a statute of repose runs from a specified date without regard to accrual of any cause of action. One court has characterized statutes of repose as "a substantive definition of, rather than a procedural limita-

tion on, rights." *Lamb v. Wedgewood South Corp.,* 308 N.C. 419, 302 S.E.2d 868, 872 (1983). Statutes similar to section 16.008 have been enacted in a majority of states in response to a perceived need to protect designers and builders from the threat of claims arising many years after completion of a project.[3]

Trinity does not contest that URS is a design professional covered by section 16.008. The sole issue, therefore, is whether the statute is constitutional. Trinity raises challenges under the Texas constitutional guarantees of open courts, equal protection, and due course of law, as well as the federal equal protection and due process clauses. Trinity also claims that section 16.008 is a "special law" in violation of the Texas Constitution.

## III

■ The Texas Constitution guarantees the right to "open courts" as follows:

> All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. art. I, § 13. This provision has appeared unchanged in every Texas Constitution. *See LeCroy v. Hanlon,* 713 S.W.2d 335, 339 (Tex.1986) (citing 1 George Braden, *The Constitution of the State of Texas: An Annotated and Comparative Analysis* 45 (1977)). It includes at least three separate constitutional guarantees: 1) courts must actually be operating and available; 2) the Legislature cannot impede access to the courts through unreasonable financial barriers, and 3) meaningful remedies must be afforded, "so that the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 448 (Tex.1993). It is the third guarantee that is at issue here.

**2.** Texas Civil Practice & Remedies Code § 16.009 provides similar protection for builders.

**3.** Forty-six states have enacted statutes of repose protecting architects and engineers, with the repose period ranging from four to twenty years.

*See generally Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822, 827–28 (Mo.1991). Thirty-two of these jurisdictions have upheld their statutes against constitutional attack, while eleven have struck them down on constitutional grounds. *Id.*

In *Lebohm v. City of Galveston,* 275 S.W.2d 951, 955 (Tex.1955), we articulated the relevant test as follows:

> [L]egislative action withdrawing common-law remedies for well established common-law causes of action for injuries to one's "lands, goods, person or reputation" is sustained only when it is reasonable in substituting other remedies, or when it is a reasonable exercise of the police power in the interest of the general welfare.

*Accord Waites v. Sondock,* 561 S.W.2d 772, 774 (Tex.1977); *Sax v. Votteler,* 648 S.W.2d 661, 665 (Tex.1983). The Court noted in *Sax* that a litigant challenging a statute on open courts grounds must satisfy two criteria: "First, it must be shown that the litigant has a cognizable common law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute." 648 S.W.2d at 666.

■ The first step in our open courts analysis, therefore, is determining whether section 16.008 abrogates a well-established common law cause of action. We conclude that, under the circumstances of this case, it does not. Although it is clear that an owner of a structure had a right at common law to recover property damage resulting from negligent design or construction, *see, e.g., Newell v. Mosley,* 469 S.W.2d 481, 483 (Tex.Civ. App.—Tyler 1971, writ ref'd n.r.e.); *Pierson v. Tyndall,* 28 S.W. 232 (Tex.Civ.App.1894, no writ), that right is abrogated by section 16.008 only to the extent it historically could have been asserted ten years after completion of the improvement. The traditional rule in Texas, however, has been that such a cause of action accrues, and the two year negligence limitations period begins to run, as soon as the owner suffers some injury, regardless of when the injury becomes discoverable. *See Houston Water–Works Co. v. Kennedy,* 70 Tex. 233, 8 S.W. 36 (1888). In *Kennedy,* the defendant cut an arch in plaintiff's building while installing a water pipe in 1884. The arch, being concealed, was not discoverable until it eventually caused the building to settle and crack. Plaintiff brought his negligence action in 1887, three years after the alleged negligence but within two years after the injury became manifest. The Court concluded that the action was barred by limitations:

> If ... the act of which the injury was the natural sequence was a legal injury,—by which is meant an injury giving cause of action by reason of its being an invasion of a plaintiff's right,—then, be the damage however slight, limitation will run from the time the wrongful act was committed, and will bar an action for any damages resulting from the act.... [A] mere want of knowledge by the owner of injury to his property does not prevent the running of the statute.

8 S.W. at 37–38. In other words, because the negligently cut arch constituted a legal injury, limitations began to run immediately. *Accord Olson v. Passero,* 402 S.W.2d 953, 954 (Tex.Civ.App.—El Paso 1966, writ ref'd n.r.e.); *Metal Structures Corp. v. Plains Textiles, Inc.,* 470 S.W.2d 93, 98–99 (Tex.Civ. App.—Amarillo 1971, writ ref'd n.r.e.); *Dallas Power & Light Co. v. Westinghouse Elec. Corp.,* 855 F.2d 203, 205–06 (5th Cir.1988).

The holding in *Kennedy* is consistent with the general rule that a cause of action accrues as soon as the defendant's wrongful act effects *some* injury. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990). The discovery rule, under which the cause of action is deemed not to accrue until the injury becomes discoverable, is merely an exception to this general rule. *See Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). Although we have adopted the discovery rule for certain causes of action, *see, e.g., Gaddis v. Smith,* 417 S.W.2d 577, 581 (Tex.1967) (medical malpractice based on leaving a foreign object in the patient's body); *Willis v. Maverick,* 760 S.W.2d 642, 646 (Tex.1988) (legal malpractice), we have not previously done so for actions based on negligent design or construction of an improvement to real property.

Taking Trinity's allegations as true, it suffered a legal injury in 1976 when it received a defective structure built to URS's negligent design specifications. Under the traditional rule as set forth in *Kennedy,* this type of action is assertible only during the two year period following completion of the improve-

ment. As to such a case, section 16.008, which bars actions brought ten years after completion of the improvement, does not abrogate the right to bring a well-established common law action.

We emphasize that we are expressing no opinion on whether, if squarely presented with the issue, we would adopt the discovery rule in a case such as this. Rather, we hold that, because the discovery rule had not been adopted for negligent design cases at the time section 16.008 was enacted, that statute did not abrogate the right to bring a common law cause of action under these circumstances. As applied in this case, therefore, section 16.008 does not violate the Texas open courts guarantee.[4]

## IV

■ Trinity next argues that section 16.008 violates its right to substantive due process under the Texas and United States Constitutions. The principal Texas due process guarantee provides as follows:

No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

Tex. Const. art. I, § 19. Although Texas courts have not been consistent in articulating a standard of review under the due course clause,[5] under any cognizable test section 16.008 passes constitutional muster.

We start with the unassailable premise that statutes of limitation, in general, serve a public function. They "compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds." *Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.

1977). *See also Klein v. Catalano*, 386 Mass. 701, 437 N.E.2d 514, 520 (1982) ("Limiting the duration of liability is a well recognized public purpose."). As recognized in *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662, 667–68 (1972):

There comes a time when [the defendant] ought to be secure in his reasonable expectation that the slate has been wiped clean of ancient obligations, and he ought not to be called on to resist a claim "when evidence has been lost, memories have faded, and witnesses have disappeared."

(quoting *Developments in the Law: Statutes of Limitations*, 63 Harv.L.Rev. 1177, 1185 (1950)).

Statutes of repose differ from traditional limitations, of course, in that they potentially cut off a right of action before it accrues. As to real estate improvements, however, where a claim may arise many years after the designer's involvement with the project has ceased, the statute must operate in this manner if it is to serve its purpose. URS correctly notes that potential liability could extend for "50 or even 60 years," throughout the designer's lifetime. *See Klein v. Catalano*, 437 N.E.2d at 524; *O'Brien v. Hazelet & Erdal*, 410 Mich. 1, 299 N.W.2d 336, 342 (1980); *Lamb v. Wedgewood South Corp.*, 302 S.E.2d at 878.

This Court's decision in *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977), illustrates the important public purpose underlying statutes of repose. We held in that case that the discovery rule does not apply to cases of medical misdiagnosis. Unlike malpractice based on leaving a foreign object in the patient's body, *see Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967), or negligently performing a vasectomy, *see Hays v. Hall*, 488

---

4. We express no opinion as to whether section 16.008 would violate the open courts guarantee as applied to abrogate the claim of a third party who sustains damages from a defective structure after the ten year repose period.

5. *Compare State v. Richards*, 157 Tex. 166, 301 S.W.2d 597, 602 (1957), *City of Coleman v. Rhone*, 222 S.W.2d 646, 649 (Tex.Civ.App.—Eastland 1949, writ ref'd), *Texas State Bd. of Pharmacy v. Gibson's Discount Cent., Inc.*, 541 S.W.2d 884, 887 (Tex.Civ.App.—Austin 1976, writ ref'd

n.r.e.), and *Humble Oil & Refining Co. v. City of Georgetown*, 428 S.W.2d 405, 413 (Tex.Civ. App.—Austin 1968, no writ), *with Mellinger v. City of Houston*, 3 S.W. 249, 252–53 (Tex.1887), *Lindsay v. Papageorgiou*, 751 S.W.2d 544, 550 (Tex.App.—Houston [1st Dist.] 1988, writ denied), *Texas Optometry Bd. v. Lee Vision Cent., Inc.*, 515 S.W.2d 380, 386 (Tex.Civ.App.—Eastland 1974, writ ref'd n.r.e.), and *State v. Rope*, 419 S.W.2d 890, 896 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.).

S.W.2d 412 (Tex.1972), there is often no physical evidence establishing a misdiagnosis, thus increasing the risk of stale or even fraudulent claims. 550 S.W.2d at 21. The Court thus concluded that the public purpose of limitations—protecting defendants from having to defend stale claims—should be served even though some meritorious claims might be barred:

> Statutes of limitations are not directed to the merits of any individual case, they are a result of the legislative assessment of the merits of cases in general. The fact that a meritorious claim might thereby be rendered nonassertible is an unfortunate, occasional by-product of the operation of limitations. All statutes of limitations provide *some* time period during which the cause of action is assertible. However, preclusion of a legal remedy alone is not enough to justify a judicial exception to the statute. The primary purpose of limitations, to prevent litigation of stale or fraudulent claims, must be kept in mind.

*Id.* at 20. The Court noted that application of the discovery rule would subject physicians to the expense of litigation "however great may have been the lapse of time between the date of cessation of the doctor-patient relationship and the formal prosecution of the claim." *Id.* at 21 (quoting *Owens v. White*, 380 F.2d 310, 316 (9th Cir.1967)).

Defending against allegations of negligent structural design many years after completion of a building also presents substantial evidentiary problems. The passage of time not only fades memories, but also increases "[t]he possibility of third-party neglect, abuse, poor maintenance, mishandling, im-

proper modification, or unskilled repair." *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 924 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). We believe that the ten year repose period chosen by the Legislature strikes a fair balance between the legislative purpose of protecting against stale claims and the rights of litigants to obtain redress for injuries.[6]

For the reasons discussed above in connection with the Texas due course of law guarantee, section 16.008 also does not violate Trinity's right to due process of law under the United States Constitution.

## V

▪ Trinity next argues that section 16.008 violates the right to equal protection of the law guaranteed by Texas Constitution article I, section 3 and the Fourteenth Amendment to the United States Constitution.

Both the state and federal equal protection guarantees require a similar multi-tiered analysis. *See Richards v. LULAC*, 868 S.W.2d 306, 310–11 (Tex.1993). Where the classification does not impinge on a fundamental right, or distinguish between persons on a suspect basis such as race or national origin, it is valid as long as it is rationally related to a legitimate state purpose. *Id. See also HL Farm Corp. v. Self*, 37 Tex.Sup. Ct.J. 321, 322 (January 5, 1994); *Spring Branch Indep. Sch. Dist. v. Stamos*, 695 S.W.2d 556, 559 (Tex.1985), *appeal dism'd*, 475 U.S. 1001, 106 S.Ct. 1170, 89 L.Ed.2d 290 (1986).[7]

Trinity correctly notes that section 16.008 creates a classification in that it temporally

---

6. A 1967 random study of 570 lawsuits against architects, presented to a committee of the United States House of Representatives considering a repose statute for the District of Columbia, indicated that 99.6% of all such claims were brought within ten years. *See* Margaret A. Cotter, Comment, *Limitation of Action Statutes for Architects and Builders—Blueprints for Non-action*, 18 Cath. U.L.Rev. 361, 366–67 (1969).

7. Trinity relies on the following in asserting its equal protection challenge:

> A state may classify its citizens into reasonable classes and apply different laws, or its laws differently, to the classes without violating the equal protection clause of the Fourteenth

Amendment.... A classification is reasonable if it is based on a real and substantial difference having relationship to the subject of the particular enactment and operates equally on all within the same class.
*Railroad Comm'n of Texas v. Miller*, 434 S.W.2d 670, 673 (Tex.1968). We also said in *Miller* that "[t]he test is whether there is any basis for the classification which could have seemed reasonable to the Legislature." *Id.* The equal protection test as discussed in *Miller* is not materially different from the traditional rational test expressly mandated in *LULAC* and *Stamos*.

limits the liability of architects and engineers,[8] without providing similar protection for the owners of a building[9] or those who supply component goods used in its construction. Although contending that this classification is arbitrary, Trinity does not argue that it impinges on a fundamental right or is based on a suspect basis.

Several courts, in upholding repose statutes against equal protection challenges, have noted that an architect or engineer, unlike an owner or occupier, has no continuing contact or control over the structure after it is completed. Consequently, they have no ongoing opportunity to discover defects or to guard against injury through proper maintenance. *See Yarbro v. Hilton Hotels Corp.,* 655 P.2d 822, 827–28 (Colo. 1982); *Zapata v. Burns,* 207 Conn. 496, 542 A.2d 700, 709 (1988); *Cheswold Volunteer Fire Co. v. Lambertson Constr. Co.,* 489 A.2d 413, 418–19 (Del.1984); *Burmaster v. Gravity Drainage Dist. No. 2,* 366 So.2d 1381, 1385–86 (La.1978); *Whiting–Turner Contracting Co. v. Coupard,* 304 Md. 340, 499 A.2d 178, 186 (1985); *Klein v. Catalano,* 386 Mass. 701, 437 N.E.2d 514, 524 (1982); *Blaske v. Smith & Entzeroth, Inc.,* 821 S.W.2d 822, 830 (Mo.1991); *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214, 220 (Ct.App.1977); *Lamb v. Wedgewood South Corp.,* 308 N.C. 419, 302 S.E.2d 868, 878 (1983); *Bellemare v. Gateway Builders, Inc.,* 420 N.W.2d 733, 738 (N.D.1988); *Sedar v. Knowlton Constr. Co.,* 49 Ohio St.3d 193, 203–204, 551 N.E.2d 938, 948 (1990); *Freezer Storage, Inc. v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715, 718 (1978); *Harmon v. Angus R. Jessup Assoc.,* 619 S.W.2d 522, 524 (Tenn.1981).

We also believe that the legislature could rationally distinguish between designers and materialmen who supply manufactured goods for use in the construction. As stated in *Burmaster:*

> Suppliers and manufacturers, who typically supply and produce components in large quantities, make standard goods and develop standard processes. They can thus

maintain high quality control standards in the controlled environment of the factory. On the other hand, the architect or contractor can pre-test and standardize construction designs and plans only in a limited fashion. In addition, the inspection, supervision and observation of construction by architects and contractors involves individual expertise not susceptible of the quality control standards of the factory.

366 So.2d at 1386. *Accord Yarbro,* 655 P.2d at 828; *Cheswold,* 489 A.2d at 419; *Whiting–Turner,* 499 A.2d at 187; *Klein,* 437 N.E.2d at 524; *Blaske,* 821 S.W.2d at 830; *Howell,* 568 P.2d at 220; *Lamb,* 302 S.E.2d at 878; *Bellemare,* 420 N.W.2d at 738; *Sedar,* 49 Ohio St.3d at 203–204, 551 N.E.2d at 948; *Freezer Storage,* 382 A.2d at 719.

For the above reasons, we conclude that section 16.008 is rationally related to a legitimate state purpose, and thus does not violate either the state or federal equal protection guarantees.

## VI

Trinity finally argues that section 16.008 is a "special law" in violation of Texas Constitution article III, section 56, which generally prohibits "any local or special law ... [f]or limitation of civil or criminal actions."

"[T]he primary and ultimate test of whether the law is general or special is whether there is a reasonable basis for the classification it makes and whether the law operates equally on all within the class." *Robinson v. Hill,* 507 S.W.2d 521, 525 (Tex.1974). For the reasons previously discussed, we believe that the classifications drawn by section 16.008 are reasonable.

The judgment of the court of appeals is accordingly affirmed.

DOGGETT, J., joins in the judgment only.

---

8. As previously noted, Texas Civil Practice & Remedies Code § 16.009 provides similar repose protection for builders.

9. The exclusion of owners from protection would apply where a claim is asserted by a third party for injury caused by some dangerous condition of the property.