Manuel Alcoser, Jr. v. Johnson















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-256-CV

     MANUEL ALCOSER, JR.,
                                                                              Appellant
     v.

     GARY L. JOHNSON,
                                                                              Appellee
 
 
From the 52nd District Court
Coryell County, Texas
Trial Court # 31006
                                                                                                                 

O P I N I O N
                                                                                                                 

      Appellant Alcoser appeals from an order of the trial court dismissing his pro se informa
pauperis action as frivolous.
      Appellant, a prison inmate, filed suit to mandamus Appellee, Custodian of Public Records for
the Texas Department of Criminal Justice, to make available to Appellant his records "pertaining
to classification file, for inspection and possible duplication." Appellant alleged that Appellee
denied him the requested information and in so doing abused his discretion.
      The trial court dismissed Appellant's case as frivolous pursuant to Chapter 14 of the Texas
Civil Practice and Remedies Code.
      Appellants appeals contending his action is not frivolous because government officials have a
duty required by law to furnish him the requested records.
      Appellant filed a pauper's affidavit pursuant to Rule 145, Texas Rules of Civil Procedure.
Chapter 14, § 14.003, Texas Civil Practice and Remedies Code, applies to suits brought by an
inmate who has filed an affidavit of inability to pay costs. Section 14.003(a) allows a court to
dismiss a suit, before or after process is served, if the court finds (1) the allegation of poverty is
false, (2) the claim is frivolous or malicious, or (3) the inmate filed an affidavit or unsworn
declaration required by Chapter 14 that the inmate knew was false. In determining whether a claim
is frivolous or malicious, the court may consider whether (1) the claim's realistic chance of ultimate
success is slight, (2) the claim has no arguable basis in law or fact, (3) it is clear the party cannot
prove facts in support of the claim, or (4) the claim is substantially similar to a previous claim filed
by the inmate.
      Section 14.004 requires the inmate to file a separate affidavit or declaration identifying each
prior suit brought by the inmate, specifying the operative facts, the case name, the case number,
the court in which it was brought, the names of the parties and the results of the suit. Id. §
14.004(a). This section further requires the inmate to file a certified copy of his trust account
statement from the department. Id. § 14.004(c).
      Our review of a dismissal under Chapter 14 is controlled by the abuse-of-discretion standard. 
Abuse of discretion is determined by whether the court acted without reference to any guiding
principles. Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex 1939).
      Appellant's petition was not accompanied by the affidavit or unsworn declaration required by
Section 14.004, Texas Civil Practice and Remedies Code.
      Chapter 14 was designed to control the flood of frivolous lawsuits being filed by prison inmates
consuming valuable judicial resources with little offsetting benefit. Hickson v. Moya, 926 S.W.2d
397 (Tex. App.—Waco 1996, no writ).
      The supplemental filing required by Section 14.004 is designed to assist the court in making
determinations the Legislature called upon it to make; thus, it is an essential part of the process by
which the courts review inmate cases.
      Because the court can dismiss when an inmate files a false affidavit or declaration, that same
policy allows a court to dismiss a suit that is filed without the affidavit or declaration. Hickson,
supra.
      The trial court did not abuse its discretion in dismissing Appellant's suit. The order of the trial
court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)
 
Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 29, 1997
Do not publish



'CG Times', serif">      In his first point of error, Shook complains the trial court erred in granting summary judgment
in favor of the appellees because a fact issue exists as to whether Shook’s cause of action against
the appellees for legal malpractice is barred by the statute of limitations.


 We disagree.
      The general rule for determining when the statute of limitations begins to run on any cause of
action hinges upon when the cause of action accrues. Willis v. Maverick, 760 S.W.2d 642, 644
(Tex. 1988). A cause of action “accrues” for limitations purposes as soon as the defendant’s
wrongful act effects some injury to the plaintiff. See Trinity River Auth. v. URS Consultants, Inc.,
889 S.W.2d 259, 262 (Tex. 1994); Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828
(Tex. 1990). However, as is true of most rules, there is an exception, albeit a very limited one. 
The judiciary has constructed a test--commonly known as the “discovery rule”-- which is used to
determine when a claimant’s cause of action accrues in situations where the claimant might not
otherwise become aware, within the prescribed time for filing suit against the offending party, that
he has been legally wronged by the defendant and has a right to seek legal redress in a court of law. 
Burns v. Thomas, 786 S.W.2d 266, 267 (Tex. 1990); see Computer Assocs. Int’l, Inc. v. Altai,
Inc., 918 S.W.2d 453, 455 (Tex. 1996); Texas River Auth., 889 S.W.2d at 262; Moreno v. Sterling
Drug, Inc., 787 S.W.2d 348, 351 (Tex. 1990); Weaver v. Witt, 501 S.W.2d 792 , 794 (Tex. 1977).
      In Willis v. Maverick, the Supreme Court has held that legal malpractice suits fall within the
small class of cases where the discovery rule applies and that a claimant’s cause of action does not
accrue until the claimant “discovers or should have discovered through the exercise of reasonable
care and diligence the facts establishing the elements of his cause of action.” 760 S.W.2d at 646;
see Burns, 786 S.W.2d at 267. Such is the case before us.
      Viewing the facts in the light most favorable to the nonmovant, here Shook, the following facts
establish his relationship with the appellees. Shook maintains he hired the appellees in September
1984 to handle “four or five different things,” including a felonious criminal charge brought against
him for hindering secured creditors, his divorce, the collection of a draft from a George Shaffer,
and an “appeal” of a judgment taken against him by the First State Bank of Marlin. Even though
Shook made the arrangement for his legal representation with McDonald, Malone actually handled
Shook’s case. 
      After Shook was acquitted of the criminal charges in Falls County, he attempted to stay in
contact with the appellees, calling their office frequently during the years following the conclusion
of his criminal trial. After a while, it seemed to Shook as if nothing were being done to collect on
the draft or in pursuing an appeal of the judgment First State Bank of Marlin had taken against him,
though admittedly, he took no other action than calling the firm. In his affidavit, Shook maintains
the last time he spoke with anyone at the appellees’ firm regarding the draft or “the appeal” was
“pretty close” to the time he accompanied his cousin, James R. Shook, to the appellees’ office. 
At that time, Shook saw in his file that a dismissal judgment had been filed in the bank’s case
against him. This document prompted Shook to question Malone regarding the status of his
“appeal.” He learned that the bank had a valid judgment against him and that no further action had
been taken by the appellees in that case. Furthermore, when Shook asked about collecting on the
draft, Malone told him that the statute of limitations had run on any claim Shook might have against
the proceeds of the draft. Having learned that his claim on the draft was barred, Shook inquired
of Malone what he should do. Malone told Shook to do “[w]hatever you think you need to do.” 
Several months after this conversation occurred, Shook hired another attorney and subsequently
brought suit against the appellees.
      The summary judgment evidence presented by the appellees establishes the fact that Shook
learned the appellees were no longer pursuing any of Shook’s alleged legal claims prior to October
1990, outside the two-year limitations period.


 According to Malone’s affidavit, after successfully
representing Shook in a Falls County criminal trial, Malone spoke with Shook on several occasions. 
Several years after Shook’s criminal trial, Shook came into Malone’s law office with his cousin,
James R. Shook, a client of Malone’s partner, Charles McDonald. At that time, Shook asked to
see his file and questioned Malone regarding a document entitled “Dismissal Judgement.” 
According to Malone, he explained that the document was a “legal nullity” and that the bank had
a final judgment against Shook. At that same time, Shook again expressed his desire to have
Malone collect on the draft. Malone unequivocally told Shook that any case on the draft would be
barred by limitations.
      In his affidavit, McDonald swore to substantially the same facts as Malone, stating that he
represented James R. Shook in a case which was appealed to and argued before the Tenth Court
of Appeals in Waco in October 1990. According to McDonald, the only time Shook ever came to
the appellees’ office with his cousin was prior to October 1990.
      Kathy Wesson, a secretary at the appellees’ law firm, stated in her affidavit that McDonald had
represented James R. Shook and argued a case before the Tenth Court of Appeals. She further
stated that the last time James R. Shook was in the appellees’ office was prior to the argument of
his case which occurred in October 1990.
      A summary judgment may be based on testimonial evidence of an interested witness if the
evidence is: (1) uncontroverted; (2) clear, positive, and direct; (3) otherwise credible and free from
contradictions and inconsistencies; and (4) could have easily been controverted. Tex. R. Civ. P.
166a(c); Casso v. Brand, 776 S.W.2d 556, 558 (Tex. 1989); Cornelison v. Newbury, 932 S.W.2d
729, 731 (Tex. App.—Waco 1996, no writ.).
      The summary judgment evidence presented by the appellees was clear, positive, direct, and
free from inconsistencies. Both McDonald and Malone testified that Shook had been in their office
with his cousin, James R. Shook, and had been told that no action was being taken in regard to an
appeal of the bank’s judgment or in collecting the draft. Both stated that James R. Shook was in
their office prior to October 1990, the time when his case was argued on appeal. Wesson, a
secretary at the appellees’ law firm and not a party to this suit, also stated that McDonald argued
a case on appeal for James R. Shook in October 1990. Furthermore, the testimonial evidence
presented by the appellees could have been controverted by Shook. However, in response to the
appellees’ motion for summary judgment, Shook, as part of his attorney’s affidavit, attached his
own deposition from January 14, 1993, in which he equivocates as to exactly when he was in the
appellees’ office and his understanding of the effect of the appellees’ inaction. Such is not
sufficient to defeat a motion for summary judgment. See Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 122 (Tex. 1996). Shook’s first point of error is thereby overruled. Because the statute of
limitations bars all of Shook’s claims, we need not address the merits of his other points. 
      The judgment is affirmed.
 
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice
 
Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed August 6, 1997
Do not publish