**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-20713
Summary Calendar
_____


MAVERICK TUBE CORPORATION,

Plaintiff-Appellant,

VERSUS

DOUGLAS E. COX; et al,

Defendants,

NORTH TEXAS PIPE & STEEL, INC.; STEEL TRADING CORPORATION OF
AMERICA;
AMERICAN METALS TRADING, INC.; REPUBLIC PIPE & TUBE, INC.;
UNITED TUBULAR; ROBERT E. RICHARDSON; STEVEN HAUCK;
DONNA STEFFES TUTTLE; RICHARD HICKS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

(H-96-CV-4219)

_____

August 16, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Maverick Tube Corporation (Maverick) brought this cause

of action against the named defendants (Defendants) alleging

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conversion. Maverick claimed the Defendants were liable for damages Maverick suffered arising from the theft of Maverick's oilfield pipe by another party and its eventual resale to the named Defendants. The district court entered summary judgment for the Defendants, holding that the statute of limitations for this cause of action had expired. We affirm.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[2] We review a district court's decision to grant summary judgment de novo, applying the same standard as the district court, and drawing all reasonable inferences in favor of the nonmovant.[3]

By late November of 1994, Maverick had been notified by Colorado Tubulars Company that suppliers were selling Maverick pipe at below-market prices. Maverick immediately began an investigation to determine if the pipe was counterfeit, a situation which could potentially expose Maverick to massive product liability claims. After determining that the pipe was genuine, Maverick continued its investigation, and by January 9, 1995, had obtained a confession to a theft scheme from Maverick employee Doug Cox.

The district court held that Maverick had been put on notice of a potential cause of action by November 29th or 30th of

---

[2] Fed. R. Civ. P. 56(c).

[3] Bodenheimer v. PPG Industries, Inc., 5 F.3d 955, 956 (5th Cir. 1993).

1994.  The limitations period for such a lawsuit is two years.[4] Because Maverick did not file suit until December 6, 1996, the district court held that the statute of limitations had expired.

Maverick concedes that in ordinary circumstances, the limitations period begins to run as soon as the claimant suffers an injury, in this case beginning with the theft of the pipe.[5] Maverick argues that the "discovery rule" exception to this general rule is applicable here.  Under Texas law, the limitations period does not begin to run until the injured party discovers his injury if:  (1) the nature of the injury is inherently undiscoverable; and (2) the evidence of the injury is objectively verifiable.[6]

Defendants contend that the theft of 101 truckloads of oilfield pipe can in no way be considered "inherently undiscoverable," and the discovery rule is therefore inapplicable. While that argument may have some merit, we decline to adopt Defendants position in that regard, as we hold that, even assuming the discovery rule to be applicable, the limitations period for filing this lawsuit expired before December 6, 1996.

During the course of the hearing on the motion for summary judgment, the district judge made the following statement regarding the limitations period:  "It's two years after the company has sufficient data to be aware of a probable injury.  And there is simply no dispute here that the information Maverick had

---

[4] Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a).

[5] Trinity River Auth. v. URS Consultants, Inc., 889 S.W.2d 259, 262 (Tex. 1994).

[6] Computer Associates v. Altai, 918 S.W.2d 453, 456 (Tex. 1994).

on the 29th, 30th, 31st, through the 5th, was sufficient to lead them inexorably to a solution of their problem within the week."[7] We agree. We have previously held that discovery "occurs when a plaintiff has knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to the discovery of the cause of action."[8] Clearly, Maverick had such knowledge once Colorado Tubular gave them information regarding pipe for sale at below-market prices. As Maverick failed to file suit within two years of obtaining this information, the limitations period expired. See <u>KPMG Peat Marwick v. Harrison County Hous. Fin. Corp</u>., 988 S.W.2d 746 (Tex. S. Ct., Mar. 20, 1999).

The judgment of the district court is **AFFIRMED**.

---

[7] Record vol. 3, p. 7-8.

[8] <u>Vaught v. Showa Denko K.K.</u>, 107 F.3d 1137, 1140 (5th Cir. 1997)(internal citations omitted).