**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 00-40146

(Summary Calendar)

_____

JOSE PEREZ; MARINA
ARCE, individually and as
representative of the estate
of Martin L. Arce, Deceased;
MARTIN T. ARCE;
ORLANDO ARCE; MARIA
RODRIGUEZ; EUFEMIA ARCE,

                                        Plaintiffs-Appellants,

versus

PHILLIP MORRIS
INCORPORATED,

                                        Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
DC No. 99-CV-153

June 23, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Appellants Jose Perez et al. ("plaintiffs") appeal from the district court's dismissal of their claims against Appellee Phillip Morris Incorporated ("Phillip Morris") for civil assault under Tex. Penal Code Ann. § 22.01(a). The district court found that plaintiffs' claims were barred by Tex. Civ. Prac. & Rem. Code § 82.004(a) and that the application of § 82.004(a) here did not violate § 13 or § 16 of the Texas Constitution. We affirm.

Plaintiffs filed this suit for injuries related to their addiction to smoking Marlboro brand cigarettes, which Phillip Morris produces and markets. Plaintiffs claim that Phillip Morris committed a civil assault under Texas law by producing and selling cigarettes. In particular, their amended complaint claims that Phillip Morris knowingly undertook to cause "nicotine addiction" in Americans, including plaintiffs, and by addicting them to nicotine intentionally, knowingly, or recklessly caused them bodily injury. The district court found that plaintiffs' claims are barred by § 82.004 of the Texas Civil Practice and Remedies Code which relieves manufacturers and sellers of "inherently unsafe" products, including tobacco, from liability in products liability actions. Adopted in 1993, § 82.004(a) reads:

> In a products liability action, a manufacturer or seller shall not be liable if:
> (1) the product is inherently unsafe and the product is known to be unsafe by the ordinary consumer who consumes the product with the ordinary knowledge common to the community; and
> (2) the product is a common consumer product intended for personal consumption, such as . . . tobacco.

[*]     Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Tex. Civ. Prac. and Rem Code § 82.004(a).[1]

Adopted at the same time, § 82.001(2) defines a products liability action:

> "Products liability action" means any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product where the action is based in strict tort liability, strict products liability, negligence, mis-representation, breach of express or implied warranty, or any other theory or combination of theories.

*Id.* § 82.001(2).

Plaintiffs raise several challenges to the district court's decision that their lawsuit was precluded by § 82.004. We consider these challenges in turn.

Plaintiffs first claim that § 82.004 does not apply because their claims are predicated on the addictive nature of nicotine contained in cigarettes and the addictive nature of cigarettes is not "common knowledge," as required by the Code. We expressly considered and rejected this argument in *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 490-91 (5th Cir. 1999). We held that "the only requirement of § 82.004(a) as to common knowledge is that the product be 'known to be unsafe.'" *Id.* at 490. We found that this test was satisfied as a matter of law as to tobacco. *Id.* (citing *Allgood v. R.J. Reynolds Tobacco Co.*, 80 F.3d 168, 172 (5th Cir. 1996); *American Tobacco Co., Inc. v. Grinnell*, 951 S.W. 2d 420, 429 (Tex. 1997)). Therefore, even though Sanchez's claims were based on the addictive effect of tobacco, *see Sanchez*, 187 F.3d at 490, § 82.004(a) was satisfied. *See id.* at 491. *Sanchez* precludes plaintiffs' first argument.

Second, plaintiffs claim that the § 82.004 bar is inapplicable to the present suit because plaintiffs' claims do not require proof of a product defect. This argument was rejected in the so-

---

[1] Only actions based on manufacturing defects or breach of express warranties are exempted from the § 82.004(a) bar. *See id.* § 82.004(b).

called *Hulsey* cases, which we affirmed after oral argument. *See Hulsey v. American Brands, Inc.*, 1997 WL 271755 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998); *Oglesby v. American Brands, Inc.*, 1997 WL 881214 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998); *Whirley v. American Brands, Inc.*, 1997 WL 881215 (S.D.Tex. 1997), *aff'd*, 139 F.3d 898 (5th Cir.) (unpublished), *cert. denied*, 525 U.S. 868 (1998). Seeking to recover for injuries sustained smoking cigarettes, the *Hulsey* plaintiffs asserted that American Brands knew that nicotine causes addiction in persons who use tobacco products and concealed this knowledge intentionally, knowingly, recklessly, maliciously, fraudulently, negligently, grossly negligently, and *assaultingly. See Hulsey,* 1997 WL 271755, at *1. The district court found that these claims were barred under § 82.004 and expressly rejected the claim that § 82.004 did not apply because the plaintiffs' claims were not predicated on a product defect. *See id.* at *5. It noted that the plaintiffs sought to recover for injuries sustained as a result of the undisclosed addictive nature of cigarettes, and found that this was the type of claim intended to be covered by § 82.001(2) and § 82.004. *See id.* Here, as in the *Hulsey* cases, plaintiffs seek to recover damages for personal injuries sustained as a result of the addictive properties of nicotine. We are persuaded by *Hulsey*'s reasoning and decline to find § 82.004 inapplicable because civil assault claims are not predicated on the existence of a product defect.

Third, plaintiffs claim that § 82.004(a) does not apply to their actions because it applies only to "products liability" claims, and their claim is for assault. In *Sanchez*, plaintiff raised claims of fraud, conspiracy, and violation of the Texas Deceptive Trade Practices Act, and claimed that these were not "product liability claims" subject to § 82.004. *See Sanchez*, 187 F.3d at 491. We found that, while *Sanchez*'s claims might not be "traditional" products liability claims, "the definition in §

-4-

82.001(2) plainly forecloses this argument." *Id.* We noted that "products liability action" as defined in § 82.001(2) includes any action arising out of personal injury or death from a defective product regardless of the theory or combination of theories under which the claim is brought. *See id.* (citing § 82.001(2)). Because Sanchez's claims arose from his allegedly wrongful death caused by smoking cigarettes, "all theories of recovery asserted by the Sanchez Family are covered, with the exceptions of manufacturing defect and breach of warranty." *Id.* (citing § 82.004(b)). As in *Sanchez*, Plaintiffs' claims here arise out of personal injuries allegedly caused by smoking addictive cigarettes. *Sanchez* clearly implies that such claims are covered by § 82.004 regardless of how they are pled, and we are persuaded that this was the intent of the broad definition of "products liability claim" contained in § 82.001(2). *See also Hulsey*, 1997 WL 881214 at *5 (also finding claims for injuries sustained as a result of addictive properties of cigarettes to be "products liability" claims under § 82.001(2)). Therefore, plaintiffs' third argument is without merit.[2]

Fourth, plaintiffs claim that it is contrary to the public policy of Texas to create immunity under § 82.004(a) when doing so has the effect of rewarding or condoning the commission of an offense defined as a crime in Penal Code § 22.01(a)(1). The cases cited by plaintiffs are inapposite, as they involve situations in which a criminal sought aid from the courts in obtaining a financial benefit. Here, Phillip Morris does not seek damages; plaintiffs seek that the court grant damages against Phillip Morris. At any rate, § 82.004 itself represents the public policy chosen by the Texas legislature. Based on prior cases dealing with substantively identical facts, we are persuaded that it

---

[2]     Citing approximately twenty-five cases, Phillip Morris notes that district courts within the Fifth Circuit have uniformly found claims for personal injury or death based on cigarette smoking, however pled, to be barred by § 82.004, except for the manufacturing defect and breach of express warranty claims listed in § 82.004(b).

intends to preclude plaintiffs' claims, and therefore decline plaintiffs' suggestion that, based on their creative pleading, § 22.01 provides a public policy sufficient to preclude application of § 82.004(a) here.

Plaintiffs also claim that § 82.004(a), as applied to them, violates § 13 of the Texas Constitution. *See* Tex. Const art. I, § 13 ("All courts shall be open, and every person for an injury done him, and his land, goods, person or reputation, shall have remedy by due courts of law.").[3] We presume that a Texas statute is constitutional, *see Cunningham v. Beavers*, 858 F.2d 269, 273 (5th Cir. 1988), and under Texas law the plaintiffs have the burden of demonstrating otherwise, *see Trinity River Authority v. URS Consultants, Inc.-Texas*, 889 S.W. 2d 259, 262 (Tex. 1994).

To establish an open courts violation, plaintiffs must show: 1) that they have a well-recognized, cognizable common law cause of action that is being restricted; and 2) that the restriction is unreasonable or arbitrary when balanced against the purpose of the statute. *See Diaz v. Westphal,* 941 S.W. 2d 96, 100 (Tex. 1997); *Moreno v. Sterling Drug*, 787 S.W. 2d 348, 355 (Tex. 1990). We need address only the first prong of this test, because plaintiffs have not shown that they have a well-recognized, cognizable cause of action that is being restricted. The Texas Supreme Court has implied that a claim is not "well-recognized" unless the plaintiffs show that it is well-recognized in the context in which it is asserted. *See St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W. 2d 503, 508 (Tex. 1997) (holding that negligent credentialing is not a well-recognized common law cause of action under § 13). A claim for civil assault based on injuries arising from smoking cigarettes is not well-recognized. In fact, plaintiffs point to no case recognizing a cause of action for assault in this context, and the

---

[3]     In the district court, plaintiffs also claimed that § 82.004 violated § 16 of the Texas Constitution. This claim has not been briefed on appeal and therefore is deemed abandoned. *See, e.g., Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

limited available case law is to the contrary. *Cf., e.g., Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 548 (D. Md. 1997) (rejecting battery claim based on exposure to second-hand smoke and stating that "[i]t is unsurprising that neither plaintiffs nor the Court have been able to unearth any case where a manufacturer of cigarettes or handguns was found to have committed a battery against those allegedly injured by its products"); *Tijerina v. Phillip Morris, Inc.*, 1996 WL 885617, at *4-*5 (N.D. Tex. 1996) (finding that battery claims based on injury from fibers and chemicals inhaled during smoking was "novel", and denying class certification to plaintiffs). Therefore, we agree with the district court that plaintiffs have not established that they have a well-recognized, cognizable common law cause of action under § 13. Plaintiffs have not shown that § 82.004(a) violates § 13 of the Texas Constitution.

Finding plaintiffs' arguments to be without merit, we AFFIRM the final judgment of the district court dismissing their claims.[4]

---

[4] As in *Sanchez*, because we find that Texas state law (§ 82004(a)) precludes plaintiffs' suit, we need not address Phillip Morris's federal preemption argument. *See Sanchez*, 187 F.3d at 491.