

NUMBER 13-15-00619-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL PASKO,                                                                    Appellant,

v.

SCHLUMBERGER TECHNOLOGY
CORPORATION,                                                                      Appellee.

## On appeal from the 24th District Court of
## DeWitt County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Michael Pasko sued various parties regarding a work-related injury, including appellee Schlumberger Technology Corporation ("Schlumberger"). The trial court granted Schlumberger's motion for summary judgment based on the affirmative

defense of limitations. Pasko argues on appeal that the trial court erred in granting Schlumberger's motion for summary judgment. We conclude that Pasko raised a genuine issue of material fact concerning the date he became aware of his injury and reverse and remand.

## I. BACKGROUND

Pasko was working as a third-party contractor for JC Fodale Energy Services, LLC on a well site in DeWitt County on May 6, 2013. Schlumberger is a third-party contractor that supplied employees, equipment, and chemicals to the well site. Pasko claims that while he was waiting for his job safety analysis sheet to be signed, a Schlumberger employee told Pasko that a berm was about to overflow due to a water spill. Under the direction of Schlumberger's employee, Pasko cleaned the spill. However, the spilled water actually contained a mixture of chemicals described as "frac chemical residue" that caused his hands to burn when the mixture came into contact with him. Pasko was taken to several hospitals but ultimately received treatments for his chemical burns in San Antonio. In September 2013, Pasko was diagnosed with squamous cell carcinoma.

Pasko filed suit against various parties and individuals on May 5, 2015 for negligence, gross negligence, negligent misrepresentation, fraud, fraudulent concealment, conspiracy, and intentional infliction of emotional distress. Pasko amended his petition to include Schlumberger as a defendant in August 2015. Among several other claims, Pasko alleged that Schlumberger negligently rigged a hose containing U028, a gelling agent, on May 5, 2013, the day before the incident. In other words, Pasko does not argue that Schlumberger's negligence caused the frac chemical residue

2

overflow on May 6, but rather he alleges that Schlumberger's negligence on May 5 caused U028 to leak into the frac chemical residue that he was forced to clean.

Schlumberger filed a motion for summary judgment based upon limitations. Schlumberger argued that more than two years had passed since Pasko's injury and thus Pasko's claims against Schlumberger were barred by the statute of limitations. Pasko filed a second amended petition that pled the discovery rule as to all causes of action against Schlumberger. The trial court granted Schlumberger's motion for summary judgment and severed Schlumberger from the original lawsuit. This appeal ensued.

## II. SUMMARY JUDGMENT

In three issues, Pasko argues on appeal that it was an error for the trial court to grant summary judgment because: 1) the trial court considered untimely evidence from Schlumberger; 2) Schlumberger did not disprove each element of the discovery rule as pled by Pasko; and 3) Pasko established a genuine issue of material fact as to whether the statute of limitations was tolled by fraudulent concealment.

### A. Standard of Review

We review a traditional summary judgment *de novo*. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). In a traditional motion for summary judgment, the movant has the burden to show both that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). Thus, a defendant moving for traditional summary judgment has the burden to conclusively prove its affirmative defense. *See Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

3

When the plaintiff pleads the discovery rule, the defendant has the burden to negate the discovery rule by establishing as a matter of law no genuine issue of material fact exists regarding when the plaintiff became aware, or should have become aware, of his injury. *See Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998). "The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence." *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 692 (Tex. App.—Houston [14th Dist.] 2010, no pet.). All evidence favorable to the nonmovant must be taken as true, and all reasonable doubts must be resolved in favor of the nonmovant. *See Childs*, 974 S.W.2d at 44. "Typically, inquiries involving the discovery rule raise questions to be decided by the trier of fact, although the trial court may determine the commencement of limitations as a matter of law if reasonable minds could not differ about the conclusion to be drawn from the facts." *Nugent v. Pilgrim's Pride Corp.*, 30 S.W.3d 562, 567 (Tex. App.—Texarkana 2000, pet. denied).

**B. Applicable Law**

Texas has established a two-year limitations period from the date a cause of action accrues for a plaintiff to file a claim based on personal injury. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a) (West, Westlaw through 2015 R.S.). "[T]he discovery rule operates to defer accrual of a cause of action until a plaintiff discovers or, through the exercise of reasonable care and diligence, should discover the 'nature of his injury.'" *See Childs*, 974 S.W.2d at 44 (citing *Trinity River Auth. v. URS Consultants, Inc.,* 889 S.W.2d 259, 262 (Tex. 1994)). Discovering the nature of the injury requires "knowledge of the wrongful act and the resulting injury." *Id.*; *see also Shell Oil Co. v. Ross*, 356 S.W.3d 924, 929–30

4

(Tex. 2011). Thus, accrual is tolled until a claimant discovers or should have "discovered the injury *and* that it was likely caused by the wrongful acts of another." *Childs*, 974 S.W.2d at 40 (emphasis added); *see Pressure Sys. Int'l, Inc. v. Sw. Research Inst.*, 350 S.W.3d 212, 217 (Tex. App.—San Antonio 2011, pet. denied) ("That is, the plaintiff must be aware that his injury was caused by someone's wrongful act, but need not necessarily know who performed the wrongful act."); *Baxter v. Gardere Wynne Sewell LLP*, 182 S.W.3d 460, 463 (Tex. App.—Dallas 2006, pet. denied) (same). More specifically, the

> accrual of a "latent occupational disease" claim is deferred "until a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related."

*Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 887 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (quoting *Childs*, 974 S.W.2d at 40). A plaintiff's "mere suspicion . . . that a causal connection exists between [his] exposure and symptoms is, standing alone, insufficient to establish accrual as a matter of law." *Id.* at 888. However, a medical diagnosis is sufficient to start the limitations period. *Id.*

## C. Discovery Rule

In Pasko's second issue, he claims that the trial court erred in granting summary judgment because he raised genuine issues of material fact regarding the application of the discovery rule.

In response to Schlumberger's motion for summary judgment based on limitations, Pasko amended his petition to plead the discovery rule. Pasko was injured on May 6, 2013 but did not serve Schlumberger until August 2015, more than two years later. Schlumberger asserts that because Pasko failed to serve Schlumberger within two years

of discovering the injury on May 6, 2013, his suit against Schlumberger is barred by the statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West, Westlaw through 2015 R.S.). However, Pasko argues that he did not discover the injury he suffered from Schlumberger on May 6. Pasko admits that he knew he suffered chemical burns to his hands as of May 6 but argues that he did not discover the latent disease until September of 2013 when he was diagnosed with squamous cell carcinoma. He also argues that he exercised due diligence in fully discovering the extent of his injury through discovery with the defendants; however, he claims that the defendants took several months to disclose vital information regarding what was in the mixture he was exposed to, which delayed his ability to discover his latent disease.

Furthermore, Pasko claims that he was initially unaware of Schlumberger's alleged wrongful acts and negligence on May 5; he asserts that he did not discover the alleged negligent hose set up until he was diagnosed with carcinoma, filed suit, and commenced discovery. Thus, according to Pasko, the accrual date for the injuries he suffered as a result of Schlumberger was in September of 2013 when he became aware of his latent disease. *See Markwardt*, 325 S.W.3d at 887.

Schlumberger counters by arguing that Pasko was aware of his injury on May 6, 2015. Since the squamous cell carcinoma developed in the exact area he was burned, Pasko should have already been aware of that injury. Therefore, Schlumberger argues that the discovery rule is inapplicable because Pasko knew he was harmed on May 6, 2013 and that is when the limitations period began to accrue. *See id.*

Pasko admits that he was aware of the chemical burn on May 6, 2013, but asserts that he was not aware that his exposure to U028 was allegedly caused by Schlumberger's

6

wrongful acts on May 5 until his diagnosis several months later. *See Childs*, 974 S.W.2d at 40. Pasko argues that until he had conducted discovery for several months and had been diagnosed with skin cancer, he had no reason to suspect Schlumberger of negligent behavior and he had no reason to believe he would develop squamous cell carcinoma.

Viewing all the evidence in the light most favorable to Pasko, we conclude that he raised a genuine issue of material fact concerning when he discovered, or should have discovered, that he suffered from an occupational disease as a result of Schlumberger's alleged negligence. *See Provident*, 128 S.W.3d at 215; *Transcon.*, 321 S.W.3d at 692. It was Schlumberger's burden in this case to negate the application of the discovery rule in order to prevail on its summary judgment. *See Childs*, 974 S.W.2d at 40. Pasko presented evidence suggesting that he did not discover his latent disease and he did not know it was work related until several months after being exposed to the chemicals. *See Markwardt,* 325 S.W.3d at 887. However, Schlumberger failed to establish as a matter of law that as of May 6, 2015, Pasko was aware, or that diligent investigation would have led Pasko to be aware, that he suffered from a latent occupational illness. *See Childs*, 974 S.W.2d at 47. In fact, Schlumberger presented no summary judgment evidence to establish as a matter of law that Pasko was aware of his squamous cell carcinoma before September of 2013. *See Markwardt,* 325 S.W.3d at 887. And Schlumberger offered no evidence to establish as a matter of law that through the exercise of reasonable diligence Pasko could have discovered his latent disease before September of 2013. *See id.* Even if Schlumberger is arguing that Pasko should have suspected he had squamous cell carcinoma because of the nature of his injury, mere suspicion alone is insufficient to establish that the limitations period began to accrue as a matter of law. *See id.*

Furthermore, Schlumberger offered no evidence to suggest that Pasko was aware of Schlumberger's alleged wrongful conduct before he was diagnosed with squamous cell carcinoma. *See Childs*, 974 S.W.2d at 44.

Consequently, a fact question remains with respect to whether Pasko knew or should have known through the exercise of reasonable diligence the nature of his injury before he was diagnosed with squamous cell carcinoma. *See Childs*, 974 S.W.2d at 47*; see also Nugent*, 30 S.W.3d at 574 (holding that the discovery rule tolled the plaintiffs' injury claims because they did not discover that they had developed squamous cell carcinoma until several years after exposure). Therefore, we sustain Pasko's second issue. Because we sustain Pasko's second issue, we need not address his other two issues. *See* Tex. R. App. P. 47.1.

### III. CONCLUSION

We reverse the trial court's order granting the summary judgment and remand to the trial court for further proceedings in accordance with this opinion.

NORA L. LONGORIA,
Justice

Delivered and filed the
8th day of December, 2016.

8