Emmalene RANKIN, Appellant,

v.

**METHODIST HEALTHCARE SYSTEM OF SAN ANTONIO, LTD., LLP, d/b/a Methodist Hospital; Wendell C. Schorlemer, M.D. and Robert Schorlemer, M.D., Appellees.**

No. 04–07–00305–CV.

Court of Appeals of Texas, San Antonio.

March 5, 2008.

Rehearing Overruled June 19, 2008.

---

Carl Robin Teague, David M. Adkisson, Law Office of David M. Adkisson, P.C., San Antonio, TX, for Appellant.

Charles A. Deacon, Bertina B. York, Rosemarie Kanusky, Fulbright & Jaworski L.L.P., Tyler Scheuerman, Uzick, Oncken, Scheuerman & Berger, P.C., San Antonio, R. Brent Cooper, Diana L. Faust, Devon J.

Singh, Cooper & Scully, P.C., Dallas, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice, STEVEN C. HILBIG, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

The primary issue in this appeal is whether the ten-year statute of repose under Section 74.251(b) of the Texas Civil Practices and Remedies Code violates the open courts provision of the Texas Constitution. The trial court granted summary judgment for Appellees Methodist Healthcare System (Methodist), Dr. W.C. Schorlemer, and Dr. Robert Schorlemer (collectively Physicians) on the basis that the statute of repose barred Appellant Emmalene Rankin's claim for healthcare liability as to each defendant. Because, as applied to Rankin, Section 73.251(b) unreasonably restricted her right to sue before she had a reasonable opportunity to discover the wrong and bring suit, we reverse the judgment of the trial court and remand the cause for further proceedings.

## BACKGROUND

On November 9, 1995, the Physicians performed a hysterectomy on Rankin at Methodist. In July 2006, Rankin experienced abdominal pains. After several visits to a number of doctors, Rankin underwent exploratory surgery and a surgical sponge was found and removed from her abdomen. On October 27, 2006, Rankin filed a lawsuit against Methodist. On January 8, 2007, Rankin filed a lawsuit against the Physicians. Each of the defendants separately moved for traditional summary judgment based on Section 74.251(b), the ten-year statute of repose.

## THE LAW IN QUESTION

Section 74.251 of the Texas Civil Practice and Remedies Code provides as follows:

(a) Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

(b) A claimant must bring a health care liability claim not later than 10 years after the date of the act or omission that gives rise to the claim. This subsection is intended as a statute of repose so that all claims must be brought within 10 years or they are time barred.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.251 (Vernon 2005).[1] Rankin challenges the constitutionality of subsection (b).

■ The Texas Constitution's open courts provision provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The purpose of this provision is to assure that there are no unreasonable or

---

1. Section 74.251 was added in 2003. Subsection 74.251(a) was substantially the same as its predecessors Article 4590i, Section 10.01 and Article 5.82, Section 4. Subsection (b), however, was an addition.

arbitrary restrictions for a person bringing a well-established common-law claim. *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex.1996).

### STANDARD OF REVIEW

An appellate court reviews the trial court's summary judgment de novo, viewing all the evidence in the nonmovant's favor to determine whether there is no genuine issue of material fact and if the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). "A defendant moving for summary judgment on an affirmative defense has the burden to conclusively establish that defense." *Long Distance Int'l, Inc. v. Telefonos de Mexico, S.A. de C.V.*, 49 S.W.3d 347, 350–51 (Tex.2001).

As summary judgment evidence, Rankin submitted an affidavit stating that the surgical sponge found in her abdomen in July 2006 had been left during her operation on November 9, 1995 and that discovery of the sponge was impossible prior to the expiration of the ten-year period under the statute of repose contained in Section 74.251(b). Pursuant to the summary judgment standard of review, we presume that Rankin's evidence is true.

Here, it is undisputed that Section 74.251(b) applies and would bar Rankin's claims. Thus, the only inquiry is whether Rankin established the unconstitutionality of Section 74.251(b) as applied to her.

### ANALYSIS

To establish an open courts violation, Rankin must satisfy two requirements: (1) a cognizable, common-law claim that is statutorily restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 783 (Tex.2007); *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex.2001). "In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference in opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968).

**A. Whether the statute of repose abrogates a well established common-law claim.**

Methodist asserts Rankin has no historical cause of action that is being restricted. The Physicians claim that Rankin has no vested right to seek redress for her alleged injury and consequently the statute of repose cannot violate the open courts provision.

#### 1. Common–Law Claim

In response to Methodist's argument, Rankin claims that, historically, a patient could have brought a cause of action for negligent failure to remove a surgical sponge more than ten years after surgery and, thus, a well established common-law claim exists. Much of the differences in the parties' arguments stem from the holding in *Trinity River Authority v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex.1994).

In *Trinity River*, the plaintiff alleged a cause of action against the designers of a sewage treatment basin wall which had collapsed. *Trinity River Auth.*, 889 S.W.2d at 260. The lower courts granted and affirmed a summary judgment because more than ten years had elapsed since the construction of the basin wall. *Id.* at 261. The question before the court was the constitutionality of the statute of repose as set forth in Section 16.008 of the Civil Practice and Remedies Code. *Id.* at

260. Regardless of when the defect is discovered, Section 16.008 barred suits against architects for design defects unless they were brought within ten years after the improvement was completed. *Id.* at 260.

The supreme court concluded "that, because the discovery rule had not been adopted for negligent design cases at the time section 16.008 was enacted, that statute did not abrogate the right to bring a common law cause of action under these circumstances." *Id.* at 263. As a result, the supreme court held that Section 16.008, as applied, could not violate the Texas open courts guarantee. *Id.* In contrast, the supreme court has recognized the discovery rule in the context of certain medical malpractice cases.

■ Prior to *Trinity River*, the supreme court held in *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex.1967), that "causes of action based upon the alleged negligence of a physician in leaving a foreign object in his patient's body are proper subjects for the 'discovery rule.'" However, in 1975, the 64th Legislature amended Chapter 5 of the Texas Insurance Code by adding Article 5.82, Section 4, which provided:

[n]otwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital licensed under the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon's Texas Civil Statutes), whether for breach of express or implied contract or tort, for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability.[2]

*Sax v. Votteler,* 648 S.W.2d 661, 663 (Tex. 1983). Methodist argues that because the discovery rule was abolished in 1975, Section 74.251 does not abrogate a well established common-law claim. We disagree.[3]

The Texas Supreme Court implicitly addressed whether a plaintiff had a well-established common-law claim after the legislative amendments of the statutory predecessors of Section 74.251. *Neagle v. Nelson,* 685 S.W.2d 11, 12 (Tex.1985); *Nelson v. Krusen,* 678 S.W.2d 918, 919 (Tex. 1984). This court recently concluded that Section 74.251, as applied to minors, was unconstitutional under the open courts provision of the Texas Constitution. *Adams v. Gottwald,* 179 S.W.3d 101, 103 (Tex.App.-San Antonio 2005, pet. denied).

---

**2.** Article 5.82 became effective on June 3, 1975. *Sax v. Votteler,* 648 S.W.2d 661, 663 n. 1 (Tex.1983).

**3.** Both Methodist and the Physicians assert that cases involving statute of limitations should not be used as authority in assessing the constitutionality of a statute of repose. The differences that Methodist and the Physicians articulate are based on the purpose and basis of each statute. If there was no discov-

ery rule in place when a statute of limitations or statute of repose was enacted, both would warrant the same result. As a result, for purpose of determining if there is a common-law claim, cases analyzing the constitutionality of statutes of limitations under the open courts guarantee are instructive. The alleged differences would appear relevant and material in the second criterion and of minimal significance in first criterion.

Because in each case the courts held the statute in question violated the open courts provision, the courts necessarily concluded that the plaintiffs held a well established common-law claim. We similarly conclude Rankin has established a common-law claim that would be abrogated by Section 74.251(b).

### 2. Vested Rights

Even if Rankin establishes a common-law claim, the Physicians argue Rankin lacks a vested right, and as a result, her claim that Section 74.251(b) is unconstitutional under the open courts provision must fail. Because the open courts provision is "quite plainly, a due process guarantee," we agree with the Physicians that Rankin must have a vested right at stake. *Sax*, 648 S.W.2d at 664; *see also City of Univ. Park v. Benners*, 485 S.W.2d 773, 778 (Tex.1972) (requiring a vested right in order to establish a due process claim).

In support, the Physicians refer to a number of cases wherein the courts held that other statutes of repose were constitutional. *Zaragosa v. Chemetron Invs., Inc.*, 122 S.W.3d 341, 346 (Tex.App.-Fort Worth 2003, no pet.); *Barnes v. J.W. Bateson Co.*, 755 S.W.2d 518, 521–22 (Tex.App.-Fort Worth 1988, no writ); *McCulloch v. Fox & Jacobs, Inc.*, 696 S.W.2d 918, 921 (Tex.App.-Dallas 1985, writ ref'd n.r.e.); *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644, 648 (Tex.App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.). In each of these cases, the plaintiff's injury occurred after the expiration of the repose period, and thus, the courts concluded the plaintiff lacked a vested right in a common law claim. Here, the event giving rise to the cause of action occurred within the ten-year-repose period. The Physicians' argument fails to take this crucial distinction into account and we therefore find their argument unpersuasive.

### B. Whether the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute of repose.

In the second prong, we must determine whether there is a showing that the legislative basis for Section 74.251(b) outweighs the denial of Rankin's constitutionally-guaranteed right of redress. *Sax*, 648 S.W.2d at 666. In making this determination, "we consider both the general purpose of the statute and the extent to which the litigant's right to redress is affected." *Id.*

### 1. Findings and Purposes of Section 74.251(b)

The concerns over insurance rates and the cost of healthcare supporting the statutory predecessors of Section 74.251, as argued by appellees, are similarly the basis for Section 74.251(b). The supreme court has acknowledged that the basis for the predecessors of Section 74.251 is legitimate, as were concerns over insurance rates and the cost of healthcare. For purposes of this balancing task, we presume that the basis for Section 74.251 is also legitimate.

### 2. Restrictions on Rankin's Access to the Courts

In at least two cases after the amendment of 1975 to the Texas Insurance Code, the Texas Supreme Court addressed constitutional challenges, based on the open courts provision, to the statute of limitations of medical malpractice claims. The supreme court considered Article 5.82, Section 4 of the Insurance Code and its restrictions on a claim for wrongful birth in *Nelson v. Krusen*, 678 S.W.2d 918 (Tex. 1984). In *Nelson*, Mr. and Mrs. Nelson consulted with Dr. Krusen to determine whether Mrs. Nelson was a genetic carrier of Duchenne muscular dystrophy. *Nelson*, 678 S.W.2d at 920. At the time, the Nel-

sons had a child with Duchenne muscular dystrophy and Mrs. Nelson was pregnant. *Id.* Dr. Krusen examined Mrs. Nelson on several occasions and assured the Nelsons that she was not a carrier. Id. at 921. Over three years after her delivery, the Nelsons discovered that their son had Duchenne muscular dystrophy. *Id.*

The court found that Article 5.82, Section 4 would "operate to bar the parents' cause of action before they knew it existed, even though they did not discover, and could not reasonably have discovered, their injury within two years." *Id.* at 920. As applied to the Nelsons, the limitations provision "violat[ed] the open-courts provision by cutting off a cause of action before the party knows, or reasonably should know, that he is injured." *Id.*

In *Neagle v. Nelson*, 685 S.W.2d 11, 12 (Tex.1985), the supreme court dealt with a constitutional challenge to the statutory predecessor of Section 74.251, Art. 4590i, Section 10.01.[4] In *Neagle*, a surgical sponge was left in the abdomen of the plaintiff and discovered more than two years later. The court assumed that it was impossible for Neagle to have known about the injury prior to the expiration of the two year statutory period. *Id.* The supreme court held that "[t]he open-courts provision ... protects a citizen, such as Neagle, from legislative acts that abridge his right to sue before he has a reasonable opportunity to discover the wrong and bring suit." *Id.*

Rankin's restriction is similar to that in *Nelson* and *Neagle*—it requires Rankin to bring a claim before she had any reason to do so. Further, Section 74.251(b) effectively abolishes Rankin's right to bring a well-established common law cause of ac-

tion without providing a reasonable alternative.

### 3. Balancing

In *Trinity River*, the supreme court stated with reference to the statute of repose "[w]e believe that the ten year repose period chosen by the Legislature strikes a fair balance between the legislative purpose of protecting against stale claims and the rights of litigants to obtain redress for injuries." *Trinity River Auth.*, 889 S.W.2d at 264. In so holding, the supreme court noted its decision in *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977). Specifically, the supreme court stated:

> [t]his Court's decision in [*Robinson* ], illustrates the important public purpose underlying statutes of repose. We held in that case that the discovery rule does not apply to cases of medical misdiagnosis. *Unlike malpractice based on leaving a foreign object in the patient's body, or negligently performing a vasectomy, there is often no physical evidence establishing a misdiagnosis, thus increasing the risk of stale or fraudulent claims.*

*Id.* at 263–64 (emphasis added). Although the court in *Trinity River* upheld a ten year statute of repose as to design defects, there are several distinctions from the present case: (1) *Trinity River* did not involve an inherently undiscoverable claim; (2) the court noted that, unlike medical malpractice cases based on leaving a foreign object in the patient's body, there was no discovery rule for negligent design cases; and (3) the articulated public policy supporting the constitutionality of the statute in repose—protecting against stale or fraudulent claims—would either be inapplicable or of less significance. Indeed, Texas jurisprudence considers medical mal-

---

**4.** *See Adams*, 179 S.W.3d at 104 (Tex.App.-San Antonio 2005, pet. denied) (stating "[a]s demonstrated by the following redlined ver- sion, section 74.251 is virtually identical to its predecessor, section 10.01 of the Medical Liability Act").

practice claims involving a foreign object left inside of the plaintiff's body subject to the doctrine of res ipsa loquitor, which would make the concerns about the availability of witnesses or evidence less significant. *Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex.1990).

█ Methodist and the Physicians argue that statutes of limitations and statutes of repose have different purposes and, therefore, cases like *Nelson* and *Neagle* are inapplicable. The main distinction between a statute of repose and statute of limitations is the triggering event commencing the statutory period. Statutes of limitations begin to run from when the cause of action accrues, while statutes of repose run independently from when the cause of action accrues. *Compare* Tex. Civ. Prac. & Rem.Code §§ 16.002, 16.003 (Vernon 2002) (providing that the limitations period begins to run the day after the cause of action accrues) *with* Tex. Civ. Prac. & Rem.Code §§ 16.008, 16.009, 16.011, 16.012 (Vernon 2002) (providing that the repose period begins to run after substantial completion or the sale of the product).

While we generally agree that a statute of repose and statute of limitations are distinct and serve different purposes, those distinctions are not shared by Section 74.251(a) and Section 74.251(b)—each is written as an absolute bar on claims brought after the statutory period and run concurrently after the cause of action accrues. *Id.* § 74.251. The only substantive differences between Section 74.251(a) and (b) is the length of the time period and title.

We recognize that there is likely a relationship between insurance rates for providers of medical care and a fixed period which thereafter bars all claims. This effect on insurance rates by a two-year statute of limitations under the statutory predecessors of Section 74.251(a), however, was not sufficient to outweigh the constitutional right of redress for minors. In *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983), the Texas Supreme Court addressed the issue as to whether Article 5.82, Section 4, of the Texas Insurance Code, was unconstitutional under the open courts provision of the Texas Constitution. The parents of Lori Beth Sax—a minor who was eleven years old at the time—brought suit against Dr. T.P. Votteler alleging medical malpractice during an operation that occurred on May 10, 1976.

Because the parents filed the suit over two years from the last date of treatment, Dr. Votteler filed a motion for summary judgment based on Article 5.82, the two-year statute of limitations. The court noted that "[t]he specific purpose of the provision in question was to limit the length of time that the insureds would be exposed to potential liability." *Id.* at 666. In analyzing whether the purpose of Article 5.82 outweighed the constitutional right of redress for Lori Beth Sax, the Texas Supreme Court stated:

> [w]e agree with Dr. Votteler that both the purpose and basis for article 5.82 are legitimate. Additionally, we recognize that the length of time that insureds are exposed to potential liability has a bearing on the rates that insurers must charge. We cannot agree, however, that the means used by the legislature to achieve this purpose, article 5.82, section 4, are reasonable when they are weighed against the effective abrogation of a child's right to redress. Under the facts in this case, Lori Beth Sax is forever precluded from having her day in court to complain of an act of medical malpractice. Furthermore, the legislature has failed to provide her any adequate substitute to obtain redress for her injuries.

*Id.* at 667.

Here, the more substantive difference is that the ten-year limit generously provides

more time to bring a claim than the two-year limit. In *Weiner v. Wasson,* 900 S.W.2d 316, 319 (Tex.1995), the Texas Supreme Court held that Section 10.01, a subsequent version of Article 5.82, was in violation of the open courts provision of the Texas Constitution. The court reasoned that Section 10.01, much like the provision in *Sax,* unreasonably restricted a child's right to bring a medical malpractice claim. *Id.* at 318–19. The court noted that the only difference between Article 5.82 and Section 10.01 was that Section 10.01 extended the tolling period for an additional six years. *Id.* at 318. With regards to this additional time, the court stated:

> [t]his one change in section 10.01 does not cure the constitutional infirmity that we identified in article 5.82 in *Sax.* Whether a statute compels a child to bring suit by age eight or by age fourteen is inconsequential because in either instance a minor child is legally disabled from pursuing a suit on his own.

*Id.* at 318.

Prior to *Weiner,* the supreme court intimated that there was no distinction between a restriction requiring a child to bring a claim during a period of legal disability and a restriction requiring a plaintiff to bring a claim when the injuries are not discoverable. With regard to statutory restrictions making it impossible for a party to bring a lawsuit, the *Nelson* supreme court noted:

> [i]s a person whose injuries are not immediately discoverable any more able to sue during the period of undiscoverability than are children during their period of legal disability?
>
> . . . .
>
> The limitation period of article 5.82, section 4, if applied as written, would require the Nelsons to do the impossible-to sue before they had any reason to know they should sue. Such a result is

rightly described as "shocking" and is so absurd and so unjust that it ought not be possible. Deferring to the legislative imposition of such an unreasonable condition would amount to an abdication of our judicial duty to protect the rights guaranteed by the Texas Constitution, the source and limit of legislative as well as judicial power. This, we cannot do.

*Nelson,* 678 S.W.2d at 923 (internal citations omitted).

From *Nelson, Sax,* and *Neagle* we gather a number of instructive principles. First, the purpose of a two-year absolute bar on medical malpractice claims does not outweigh the constitutional-guarantee right of redress for plaintiffs who would be required to fulfill an impossible condition. Second, the purpose and basis of a statute restricting a child's ability to bring a claim during a period of legal disability, while supported by legitimate legislative purposes and tailored to reduce the time of exposure to liability, does not outweigh the constitutional right of redress for minors. Finally, a person who has suffered an inherently undiscoverable injury is in no greater position to bring a claim than a child during legal disability. The issue then is whether the ten-year absolute bar on health care claims should suffer the same fate as the provisions in *Sax, Nelson,* and *Neagle.*

Prior to the enactment of Section 74.151(b), minors under the holding in *Sax* and *Weiner* could bring their claim beyond ten years and perhaps plaintiffs like Rankin beyond the two-year limit for an unspecified amount of time. Arguably, Section 74.251(b) was meant to preclude these situations. Indeed, if a child's health care liability claim accrues before age eight, then Section 74.251(b) would bar the child's claim during the period of legal disability. In such circumstance, however, *Sax* and *Weiner* would indicate that Section 74.251(b) would violate the open

courts provision despite the more generous ten year period. We are unable to reconcile a holding wherein Section 74.251(b)'s restriction on Rankin is reasonable and a child's restriction under Section 74.251(a) is not. Much like in *Weiner*, whether Rankin has two years, five years, or fifteen years to bring a claim is inconsequential if Rankin is required to fulfill an impossible condition.

█ The Legislature is certainly entitled to set a period of time within which claims must be brought, but it may not deny a plaintiff a reasonable opportunity to discover the alleged wrong and bring suit. *Shah*, 67 S.W.3d at 842. What the *Sax* and *Neagle* court were unwilling to accept was an absolute bar on a claim that a plaintiff could not have initiated prior to the expiration of the statutory period. A ten-year period, whether as a statute of limitations or repose, barring all claims regardless of when and if the act or omission giving rise to the claim could have been discovered, does not cure the constitutional infirmities pronounced in *Sax, Nelson,* and *Neagle.*

█ Further, the purpose of having some limit on claims is, to some extent, served by the "discovery rule" and the "reasonable-time rule." The open courts provision does not toll limitations rather it provides litigants with a reasonable time to discover their injuries and file suit. *Yancy*, 236 S.W.3d at 784. If the plaintiff fails to bring the claim within a reasonable time, then there will be no violation of the open courts provision. Id. at 785. The discovery rule requires due diligence. *See Gaddis*, 417 S.W.2d at 580 (providing that the statute of limitations did not begin to run until the patient learned of, or, in the exercise of reasonable care and diligence, should have learned of, the alleged malpractice). The reasonable-time rule and the discovery rule preclude claims from existing indefinitely.

Because the statutes in *Sax, Nelson,* and *Neagle,* have the same prohibitive effect as that of Section 74.251(b) and were each supported by similar legislative purposes to Section 74.251(b), we disagree with the appellees that the titular and time period differences between a statute of limitations and a statute of repose warrant a different outcome. Section 74.251(b) bars Rankin's claims against the appellee before there is a reasonable opportunity to discover the wrong and bring suit in violation of the open courts provision of the Texas Constitution. Accordingly, we sustain Rankin's issue on appeal.

### CONCLUSION

Having met the two prong test, we hold that, as applied to Rankin, Section 74.251(b) of the Texas Civil Practices and Remedies Code is unconstitutional under the open courts provision contained in Article I, Section 13 of the Texas Constitution. Accordingly, we reverse the trial court's summary judgments and remand these claims to the trial court for further proceedings.