

# MEMORANDUM OPINION

No. 04-08-00007-CV

John **PALOSI** IV, Individually and as Personal Representative
of the Estate of John Palosi III, & Andrew Palosi,
Appellants

v.

Frank **KRETSINGER**, D.O.,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-07297
Honorable David A. Berchelmann, Jr., Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:   February 11, 2009

AFFIRMED

This is an appeal from a trial court's order dismissing a medical malpractice action for failure to file the statutorily-mandated expert report and curriculum vitae. Appellants John Palosi IV, Individually and as Personal Representative of the Estate of John Palosi III, and Andrew Palosi raise a single issue contending portions of section 74.351 of the Texas Civil Practice & Remedies Code violate their rights under the open courts provision of the Texas Constitution. We affirm the trial court's judgment.

## BACKGROUND

John Palosi III was a patient of Frank Kretsinger, D.O. John Palosi III died while under Kretsinger's care. On May 14, 2007, his sons John Palosi IV and Andrew Palosi ("the Palosi brothers") filed wrongful death and survival claims against Kretsinger, alleging his medical malpractice caused their father's death. Because their claim is a health care liability claim, the Palosi brothers were required to serve Kretsinger with an expert report and the expert's curriculum vitae within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon 2008).

On May 31, 2007, the Palosi brothers' attorney unexpectedly died. On September 27, 2007, Kretsinger filed a motion to dismiss pursuant to section 73.351(b) because he had not been served with the required expert report and curriculum vitae. *See id*. § 74.351(b). The trial court granted the motion, dismissed the suit against Kretsinger with prejudice, and awarded Kretsinger reasonable costs and attorney's fees. *See id.*

## ANALYSIS

The Palosi brothers argue sections 74.351(a) and (b) violate their rights under the Texas open courts provision because those sections required them to serve Kretsinger with an expert report within 120 days of filing suit and the trial court to dismiss their suit when they failed to comply even though the failure was a result of their attorney's unexpected death, not because their suit was frivolous. They contend the statute's lack of a "*Craddock*-type" opportunity for an extension is an unreasonable restriction on their right to redress.

When reviewing the constitutionality of a statute under an open courts challenge, we begin with the presumption that the statute is constitutional. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.

1983); *see Walker v. Gutierrez*, 111 S.W.3d 56, 66 (Tex. 2003). The party challenging the constitutionality of a statute must demonstrate that it fails to meet constitutional requirements. *Walker*, 111 S.W.3d at 66.

Article I, section 13 of the Texas Constitution provides that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. This clause is commonly referred to as the "Open Courts Provision," and acts as an additional due process guarantee granted in the Texas Constitution, prohibiting legislative bodies from withdrawing all legal remedies from anyone have a well-defined common law cause of action. *Sax*, 648 S.W.2d at 664-65. The open courts provision guarantees "the legislature may not abrogate the right to assert a well-established common law cause of action unless the reason for its action outweighs the litigants' constitutional right of redress." *Trinity River Auth. v. URS Consultants, Inc.*, 889 S.W.2d 259, 261 (Tex. 1994) (quoting *Tex. Ass'n of Business, v. Tex. Air Control Bd.*, 852 S.W.2d 440, 448 (Tex. 1993)). Therefore, to establish an open courts violation in this context, the Palosi brothers must show: (1) they have a cognizable common law cause of action that is being restricted, and (2) the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Diaz v. Westphal*, 941 S.W.2d 96, 100 (Tex. 1997).

The Palosi brothers contend they have established the first element because their medical negligence claim is a well-recognized common law cause of action. We agree that a suit for medical negligence is recognized in common law. *See, e.g., Humphreys v. Roberson*, 125 Tex. 558, 83 S.W.2d 311 (1935). However, at common law, a personal injury claim did not survive an injured party's death, nor did a deceased's heirs have a common law cause of action for their own losses.

*Diaz*, 941 S.W.2d at 100; *Kramer v. Lewisville Mem'l Hosp*., 858 S.W.2d 397, 403 (Tex. 1993). These actions are now permitted only by virtue of the Wrongful Death Act and the Survivorship Statute. *Diaz*, 941 S.W.2d at 101; *Kramer*, 858 S.W.2d at 403; *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 71.002-.004, 71.021 (Vernon 2008). Any medical negligence claim that can be brought only because of the existence of the Wrongful Death Act and the Survivorship Statute is not a common law claim and cannot form the basis of an open courts challenge. *See Diaz*, 941 S.W.2d at 101 (holding that plaintiffs who brought wrongful death and survival actions, which were based on alleged medical negligence, could not maintain open courts challenge because their remedies were conferred by statute, not common law); *Baptist Mem'l Hosp. Sys. v. Arredondo*, 922 S.W.2d 120, 121-22 (Tex. 1996) (per curiam) (concluding that wrongful death plaintiff could not satisfy first prong of open courts test because claim was purely statutory, although action was based on medical negligence); *Bala v. Maxwell*, 909 S.W.2d 889, 893 (Tex. 1995) (holding that because plaintiffs had no common law right to bring either wrongful death or survival action, they could not establish open courts violation); *Rose v. Doctors Hosp*., 801 S.W.2d 841, 845 (Tex. 1990) (holding that because plaintiffs' medical negligence claim was common law claim that would have died with decedent if not preserved by wrongful death statute, claim was conferred by statute not by common law, precluding open courts challenge).

As with the plaintiffs in the cases cited above, the Palosi brothers' claims are based on a theory of medical negligence – that Kretsinger negligently prescribed medication contraindicated for patients like John Palosi III, causing his death. The Palosi brothers' claims would not have survived the death of John Palosi III but for the wrongful death and survival statutes. Accordingly, the Palosi

brothers' remedies were statutorily conferred and thus, as a matter of law, the open courts doctrine does not apply to this case.

The Palosi brothers argue we should hold sections 74.351(a) and (b) unconstitutional based on our disposition in *Rankin v. Methodist Healthcare Sys. of San Antonio, Ltd., LLP*, 261 S.W.3d 93 (Tex. App.–San Antonio 2008, pet. filed). In *Rankin*, a hysterectomy patient brought a medical negligence claim against her surgeons after a sponge was found in her abdomen. 261 S.W.3d at 95. We held that the statute of repose, codified in section 74.251 of the Texas Civil Practice & Remedies Code, violated the open courts provision of the Texas Constitution as applied to the plaintiff in that case. *Id.* at 99. However, our holding was based in part on the fact that the statute abrogated the plaintiff's common law claim for negligence. *Id.* at 99. Here, the Palosi brothers have no common law claim. Unlike the plaintiff in *Rankin*, who did not die and brought a medical negligence claim on her own behalf, the Palosi brothers' claims would have died with their father, but for the existence of the wrongful death and survival statutes. Accordingly, *Rankin* is distinguishable and does not compel the result sought by the Palosi brothers.

## CONCLUSION

Despite the unfortunate circumstances, because the Palosi brothers cannot, as a matter of law, establish the existence of a cognizable common law cause of action, the open courts doctrine does not apply to this case. Accordingly, we overrule their issue and affirm the trial court's judgment.

Steven C. Hilbig, Justice