COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 

 


 
 
  
 ELIZABETH
 RIVERA, As next friend Of MADELINE
 RODRIGUEZ,
  
                             Appellant,
  
 v.
  
 MICHAEL
 D. COMPTON, M.D. AND TENET HOSPITALS, LTD, a texas Limited partnership d/b/a
 providence memorial hospital,
  
                            
 Appellees.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00279-CV
  
 Appeal from
  
 120th
 Judicial District Court
  
 of El
 Paso County, Texas
  
 (TC#2011-971)
  
 
 


 

 

                                                                  O
P I N I O N

Appellant Elizabeth Rivera, as next friend of her daughter, Madeline
Rodriguez, appeals the trial court’s order granting the motions for summary
judgment in favor of Dr. Michael D. Compton, M.D. and Tenet Hospitals, LTD, a
Texas Limited Partnership d/b/a Providence Memorial Hospital (collectively
referred to as “Appellees”).  For the
following reasons, we reverse and remand for further proceedings.

BACKGROUND

On December 26, 1996, Elizabeth Rivera went
to Providence Memorial Hospital for a fever and cough.  At the time, Rivera was nine months
pregnant.  After an assessment in the
emergency department, Rivera was discharged. 
The next day, on December 27, 1996, Rivera returned to Providence
Memorial Hospital due to decreased fetal movement.  After a non-reassuring assessment, Rivera
underwent an emergency cesarean section and Madeline was born.  Madeline was allegedly delivered in a serious
condition and suffered severe brain damage due to lack of oxygen.  Unfortunately, Madeline now lives with permanent
neurological injury and disability.  On
August 29, 2004, legal counsel for Appellant provided written notice of Madeline’s
health care liability claim to Appellees pursuant to section 74.051 of the
Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.051(a) (West 2011).  However, it was not until March 14, 2011, that
Rivera, acting on Madeline’s behalf, filed suit against Appellees alleging
negligence.[1]

Appellees answered the suit and filed no-evidence
motions for summary judgment.[2]  Appellees’ motions for traditional summary
judgment are based on the statute of repose found in section 74.251 of the Texas
Civil Practice and Remedies Code.[3]
 See Tex. Civ. Prac. &
Rem. Code Ann. § 74.251(b) (West 2011). 
The trial court granted Appellees’ motions for summary judgment.  Appellant now appeals the trial court’s summary-judgment
orders.

DISCUSSION 

In two issues on appeal, Appellant contends that the trial court
erred by granting summary judgment to Appellees because the statute of repose
for medical negligence claims violates:  (1)
the open courts provision of the Texas Constitution as applied to children; and
(2) the Texas Constitution’s prohibition on retroactive laws.

Standard of
Review

We review a trial court’s summary judgment de novo. Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009). Summary judgment is appropriate when the moving party shows there
is no genuine issue as to any material fact and it is entitled to judgment as a
matter of law. Diversicare General Partner, Inc. v. Rubio, 185
S.W.3d 842, 846 (Tex. 2005).  When
reviewing a motion for summary judgment, we must assume all of the evidence
favorable to the non-movant is true, indulge every reasonable inference in
favor of the nonmovant, and resolve any doubts in favor of the non-movant. Edwards
v. Mesa Hills Mall Co. Ltd. Partnership, 186 S.W.3d 587, 590 (Tex.
App. – El Paso 2006, no pet.).  However,
a moving party who conclusively negates a single essential element of a cause
of action or conclusively establishes an affirmative defense is entitled to
summary judgment on that claim.  Frost Nat. Bank v. Fernandez, 315 S.W.3d
494, 509 (Tex. 2010).  Where the trial court does not specify
the grounds upon which summary judgment is granted, as in this case, we must
affirm if any of the grounds are meritorious. 
FM Properties Operating Co. v. City of Austin, 22 S.W.3d 868, 872
(Tex. 2000).  In conducting our analysis,
if we are required to construe a question of law, we apply a de novo standard of review.  See
City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003).

“OPEN COURTS” CHALLENGE

In Issue One, Appellant contends that the trial court erred by
granting summary judgment in favor of Appellees based on the ten-year statute
of repose for medical-negligence claims. 
According to Appellant, section 74.251(b) as applied to children injured
before age eight, violates the open courts provision of the Texas Constitution.  The open courts provision provides that
“[a]ll courts shall be open, and every person for an injury done him, in his
lands, goods, person or reputation, shall have remedy by due course of law.”  Tex.
Const. art. I, § 13.

Appellant maintains that the ten-year statute of repose violates
the open courts provision because it abrogates the right of minors who are
injured before their eighth birthday to bring well-established common-law claims
for medical negligence.  Appellant also
argues that the open courts provision is violated because the statute of repose
provides a remedy that is contingent upon an impossible condition.  The open courts provision guarantees that
citizens asserting common-law causes of action will not unreasonably be denied
access to Texas courts.  Sax v. Votteler, 648 S.W.2d 661, 664
(Tex. 1983); see also Trinity River Auth.
v. URS Consultants, Inc., 889 S.W.2d 259, 261 (Tex. 1994), quoting Tex. Ass’n of Business, v. Tex. Air
Control Bd., 852 S.W.2d 440, 448 (Tex. 1993) (“the legislature may not abrogate the right to assert a
well-established common-law cause of action unless the reason for its action
outweighs the litigants’ constitutional right of redress”).

When an open courts challenge is asserted, we begin our review
with the presumption that the statute is constitutional.  Sax,
648 S.W.2d at 664.  Appellant bears the
burden of showing that the statute of repose fails to meet constitutional
requirements.  Walker v. Gutierrez, 111 S.W.3d 56, 66 (Tex. 2003).  To establish an open courts violation,
Appellant must show: (1) she has a cognizable common-law cause of action that
is being restricted; and (2) the restriction is arbitrary or unreasonable when
balanced against the purpose of the statute. 
Sax, 648 S.W.2d at 666.




 

There is no dispute that Appellant filed her health care liability
claim after the ten-year statute of repose elapsed.[4]  The parties do not dispute that Appellant has
a cognizable common-law cause of action that is being restricted.  Therefore, our analysis is focused on whether
Appellant has established that the restriction is arbitrary or unreasonable
when balanced against the purpose of section 74.251(b).  See Sax,
648 S.W.2d at 666.  

In
determining whether Appellant has shown that the statute’s purpose outweighs
the denial of her right of redress, we consider both the statute’s general
purpose and the extent to which the litigant’s right of redress is
affected.  Id.  A mere difference of opinion where
reasonable minds could differ is not a sufficient basis for striking down
legislation as arbitrary or unreasonable. 
Id. at 664.  When the legislature makes a remedy by due course of law
contingent on an impossible condition, it violates the open courts
provision.  Nelson v. Krusen, 678 S.W.2d 918, 921 (Tex. 1984); Zweig v. South Texas Cardiothoracic and
Vascular Surgical Associates, PLLC, 373 S.W.3d 605, 608 (Tex. App. – San
Antonio 2012, no pet.).  

Legislative Basis of Section 74.251(b)

In
2003, the Legislature added section 74.251 to the Texas Civil Practice and
Remedies Code in response to an insurance crisis triggered by an increase in
health-care liability claims.  Methodist Healthcare Sys. of San Antonio,
Ltd., L.L.P. v. Rankin, 307 S.W.3d 283, 287 (Tex. 2010).  Specifically, section 74.251(a) re-enacted a two-year
statute of limitations that was practically indistinguishable from its
predecessors Article 4590i, section 10.01 and Article 5.82, section 4.[5]  Rankin
v. Methodist Healthcare System of San Antonio Ltd., LLP, 261 S.W.3d 93, 96
n.1 (Tex. App. – San Antonio 2008), rev’d
by 307 S.W.3d 283 (Tex. 2010); Adams, 179 S.W.3d at
103.  However, section 74.251(b) added
a ten-year statute of repose for all health-care liability claims without
exception.  Tex. Civ. Prac. & Rem. Code Ann. §
74.251(b); Rankin, 261 S.W.3d at 96 n.1.

The
legislative basis behind section 74.251(b) addressed the insurance crisis and
its perceived harm on the delivery of health care in Texas in a manner that
would not restrict a claimant’s rights more than necessary.  Rankin,
307 S.W.3d at 287.  Ultimately, by
limiting the time the insureds were exposed to potential liability, the
Legislature’s goal was to ensure that health care would be more affordable,
accessible, and available to the citizens of Texas.  Id.
at 287-88.

Relying on the Supreme Court’s holding in Rankin, Appellees argue that section 74.251(b) does not violate the
open courts provision as applied to children injured before age eight.  In Rankin,
the Texas Supreme Court considered whether section
74.251(b) as applied to a foreign-object claim violated the open courts
provision.  Id. at 291-92.

The Rankin court reversed
the court of appeals concluding that the ten-year repose period was a reasonable exercise
of the Legislature’s police power.  Id. at 292.  In deciding the constitutionality of the
statute of repose, the court distinguished a statute of repose from a statute
of limitations.  Rankin, 307 S.W.3d at 286.  The
court observed that the key purpose of a statute of
repose is to eliminate uncertainties under the related statute of limitations
and to create a final deadline for filing suit that is not subject to any
exceptions, except perhaps those clear exceptions in the statute itself.  Id.  The court also noted that a
statute of repose provides “absolute protection to certain parties from the
burden of indefinite potential liability.” 
Id. at 287, quoting Galbraith Eng’g Consultants, Inc. v.
Pochucha, 290 S.W.3d 863, 866 (Tex.
2009).

In upholding the constitutionality of the statute of repose, the Rankin court recognized that some
plaintiffs like Rankin, “who belatedly discover a res-ipsa-like injury,” would be blocked from bringing claims
through no fault of their own and that some otherwise-valid claims would be
barred.  Rankin, 307 S.W.3d at 292.  Appellees
contend that Appellant has not established that the open courts provision has
been violated because she has failed to prove that Section 74.251(b) is
unreasonable or arbitrary when balanced against its purpose and basis.  Appellant responds that the abrogation of a
minor’s constitutional right of redress is arbitrary, unreasonable, and is not
outweighed by the statute’s purpose which is to avoid the additional cost
imposed on the health care system by allowing minor plaintiffs to seek relief
for their injuries.

In
making her argument, Appellant cites to the following cases:  Adams, 179 S.W.3d at
103 (holding the two-year statute of limitations in section 74.251(a)
unconstitutional as applied to minors); Weiner
v. Wasson, 900 S.W.2d 316, 321 (Tex. 1995) (two-year statute of limitations
in former Tex. Rev. Civ. Stat. Ann.
art. 4590i, § 10.01 violated the open courts provision as applied to minors); Sax, 648 S.W.2d at 667 (two-year statute
of limitations in article 5.82, section 4 of the Texas Insurance Code, section
10.01’s predecessor, violated the open courts provision because it effectively
abolished the minor’s right to bring a medical malpractice cause of action).  At heart, Appellant’s argument
is that because Texas courts have already held that section 74.251(a) and its
predecessor statutes of limitation violate the open courts provision as applied
to minors, section 74.251(b) should similarly be held to be an open courts
violation because, like the two-year statute of limitations, the ten-year
statute of repose abrogates the right of redress for minors who are injured
before their eighth birthday.

We are cognizant of the fact that the cases relied upon by
Appellant are statute-of-limitations cases and do not deal with the statute of
repose.  We also acknowledge that to date
the Supreme Court of Texas has never declared a statute of repose
unconstitutional.  Rankin, 307 S.W.3d at 292.  Nevertheless,
we find that the reasoning of the Adams,
Weiner, and Sax opinions govern the disposition of this case.   Rankin is distinguishable because unlike the instant case, which concerns the constitutionality of
section 74.251(b) as applied to a minor’s health-care liability claim, the
plaintiff in Rankin was not a minor
and her case involved an undiscoverable foreign-object claim.  Rankin, 307 S.W.3d at 285, 291-92.

While we agree with Rankin
that there is a significant distinction between a statute of repose and a
statute of limitations, here,
the statute of limitations and statute of repose in section 74.251 have little to no distinction when applied to the health-care
liability claims of minors who are injured before the age of eight.[6]  See Tex. Civ. Prac. & Rem. Code Ann. §
74.251(a)-(b) (West 2011);
Rankin, 307 S.W.3d at 286; Rankin, 261 S.W.3d at 101 (noting that
the only substantive differences between section 74.251(a) and (b) is the
length of the time period and title). Furthermore, the
legislative purpose behind the enactment of section 74.251(b) which was to limit
the rising cost of liability insurance for health care providers is the same as
the basis underlying the statutes of limitations at issue in Adams, Weiner, and Sax.  See
Rankin, 307 S.W.3d at 287-88; Weiner, 900 S.W.3d at 318; Sax, 648 S.W.2d at 666; Adams, 179 S.W.3d at 103.  Despite the legitimate legislative basis and
purpose of the statute of repose, if applied as written, minors injured before
the age of eight must comply with the impossible—they must file suit before
their legal disability is removed.  Minors
lack the capacity to bring a legal claim and claims belonging to them must be
asserted through a legal guardian, a next friend, or guardian ad litem.  Austin Nursing Ctr. v. Lovato, 171
S.W.3d 845, 849 (Tex. 2005).

By putting a ten-year outer limit on the
health care liability claims of minors injured before the age of eight, these
minors will never be able to bring claims in their own right because the
statute of repose cuts it off before they reach the age of majority.  Essentially, the statute of repose in section 74.251(b) recreates
the constitutional infirmity identified in Adams, Weiner, and Sax—the total
abrogation of the legal rights of minors before they have legal capacity to
assert those rights without providing any reasonable substitute.  Weiner,
900 S.W.3d at 318-19; Sax, 648 S.W.2d
at 667; Adams, 179 S.W.3d at 103.

In an attempt to protect the rights of
minors, Texas
courts have held that an absolute statute of limitations as applied to the
health-care liability claims of minors is unconstitutional; therefore, we do
not see why a statute of repose which was enacted with the same legislative
purpose and has the same effect on the claims of minors who are injured before
age eight would result in a different outcome. 
See Weiner, 900 S.W.3d at 318-19;
Sax, 648 S.W.2d at 667; Adams, 179 S.W.3d at 103.  While Appellees argue that a minor’s parent, guardian,
or next of friend may file suit on a minor’s behalf, Texas courts have
repeatedly held that such a possibility does not justify the abrogation of a
minor’s right of redress nor is it a reasonable alternative.  Weiner,
900 S.W.2d. at 319; Sax, 648 S.W.2d
at 667.  Furthermore, while the open courts provision of the Texas Constitution does not confer an
open-ended and perpetual right to sue, it does require that every person who is
injured have a remedy by due course of law. 
Tex. Const. art I, § 13.  Although it
is well within the Legislature’s power to withdraw parties’ common-law remedies
for well-established common-law claims, such legislative action is sustained
only when other reasonable alternatives have been provided or when it is a reasonable
exercise of police power in the interest of the general welfare.  See
Rankin, 307 S.W.3d at 286.

In light of the reasoning in Adams, Weiner, and Sax, and after balancing the restriction against the purpose and
basis of the statute, we are bound to conclude that the Legislature acted
unreasonably in enacting section 74.251(b) with no exception for the claims of
minors who are injured before the age of eight because the statute effectively
abolishes their right of redress before they are legally able to file suit on
their own behalf without providing any adequate substitute.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.251(b); Adams, 179 S.W.3d at 102-03; Weiner, 900 S.W.2d at 317-20; Sax, 648 S.W.2d at 665-67.  As Appellant points
out, the statute’s purpose is not frustrated here because any uncertainty that
comes with the claims of minors ends within a reasonable time after they reach
the age of majority, and as such, there continues to be some end to indefinite
potential liability to certain parties.  See Rankin, 307 S.W.3d at 286-87.

Because section
74.251(b) effectively cuts off a minor’s cause of action before the minor is
legally able to assert it, thereby requiring the minor to satisfy an impossible
condition, and fails to provide an adequate substitute remedy, we hold that section
74.251(b) violates the open court provision of the Texas Constitution as
applied to minors injured before their eighth birthday.  See Tex. Const. art. I, § 13; Tex. Civ. Prac. & Rem. Code Ann. §
74.251(b); Nelson, 678 S.W.2d at 921; Weiner, 900 S.W.2d at 317-20; Sax, 648 S.W.2d at 665-67; Zweig, 373 S.W.3d at 608; Adams, 179 S.W.3d at 102-03.

Due Diligence

Citing to Stockton v. Offenbach, 336 S.W.3d 610, 618 (Tex. 2011), Appellees contend that Appellant’s open
courts challenge must fail because Rivera failed to exercise due diligence in
pursuing any health care liability claim on behalf of Appellant and failed to
show that Appellant never had a reasonable opportunity to be heard.  We disagree. 
While we recognize that due diligence is a requirement of an open courts
challenge, the rights at issue are the minor’s rights not Rivera’s rights.  See Yancy
v. United Surgical Partners Intern., Inc., 236 S.W.3d 778,
785 (Tex. 2007) (due diligence must be established in an open courts
challenge); Gracia v. RC Cola-7-Up
Bottling Co., 667 S.W.2d 517, 519 (Tex. 1984) (“In a suit by a ‘next friend,’ the real party plaintiff is the
child and not the next friend.”).  Therefore,
because the medical liability claim belongs to Appellant, and not Rivera, any
lack of any due diligence on the part of Appellant’s mother cannot be
attributed to the claims belonging to Appellant.  See Sax, 648 S.W.2d at 667 (“It is neither reasonable nor realistic to
rely upon parents, who may themselves be minors, or who may be ignorant,
lethargic, or lack concern, to bring a malpractice lawsuit action within the
time provided by article 5.82.”).

Accordingly, having already held that the statute of repose
in Section 74.251(b) of the Texas Civil Practice and Remedies Code is
unconstitutional as applied to minors like Appellant, who are injured prior to
their eighth birthday, the trial court erred by granting Appellees’ summary
judgment motions based on the ten-year statute of repose.  See Tex. Civ. Prac. & Rem. Code Ann. §
74.251(b).  Therefore, we sustain Appellant’s Issue One, and
find no reason to consider Appellant’s second issue.  Tex.
R. App. P. 47.1.




 

CONCLUSION

 

We reverse the trial court’s orders granting summary judgment in
favor of Appellees and remand the case for further proceedings.

 

                                                                        GUADALUPE
RIVERA, Justice

December 28, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.











[1]
Madeline was fourteen years old at the time the suit was filed.

 





[2]
Appellee Providence Memorial Hospital later filed an amended motion for summary
judgment.

 





[3]
The applicable statute of repose states: “A claimant must bring a health care
liability claim not later than 10 years after the date of the act or omission
that gives rise to the claim.  This
subsection is intended as a statute of repose so that all claims must be
brought within 10 years or they are time barred.” Tex. Civ. Prac. & Rem. Code Ann. § 74.251(b).





[4]
Appellees ask this Court to take judicial notice of the nonsuit of Appellant’s
2003 health-care liability claim against them. 
While Appellee Tenet Hospitals attached certified copies of the 2003
pleadings to its appellate brief, these are not part of the appellate record
and cannot be considered.  Fox v. Wardy, 234 S.W.3d 30, 33 (Tex.
App. – El Paso 2007, pet. dism’d); see Tex. R. App. P. 34.1.

 





[5]
Section 74.251(a)’s two-year statute of limitations has been held
unconstitutional as to minors.  Adams v.
Gottwald, 179 S.W.3d 101, 102-03 (Tex. App. – San Antonio 2005, pet.
denied).





[6]
The Rankin court explained that the
difference between statutes of limitations and statutes of repose is that
“statutes of limitations operate procedurally to bar the enforcement of a
right, [and] a statute of repose takes away the right altogether, creating a
substantive right to be free of liability after a specified time.”  Rankin,
307 S.W.3d at 287, quoting Galbraith
Eng’g, 290 S.W.3d at 866.